Anderson *et al. v.* Endicutt *et al.*

Filed May 13, 1885.

---

No. 11,560.

## ANDERSON ET AL. *v.* ENDICUTT ET AL.

DRAINAGE.—*City.*—*Drainage Commissioners.*—The cities of this State have exclusive jurisdiction of the matter of drainage within their limits, and there is no authority for the construction of drains in cities by drainage commissioners, under the direction of the circuit court.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellants.

*J. D. Miller* and *F. E. Gavin,* for appellees.

BICKNELL, C. C.—This is an appeal by remonstrants from an order of the Decatur Circuit Court establishing drainage and directing one of the commissioners of drainage to construct the work. A part of the lands through which the drainage would pass are additions to the city of Greensburg, and the controlling question arising upon the appeal is, have the commissioners of drainage any lawful authority to build a drain within the limits of a city either in whole or in part?'

The proposed drain was to begin in the city, and run thence 300 feet on Anderson street. It was to be eight feet deep at its commencement, and was to be constructed for 272 feet from the beginning with eighteen inch tile, thence for 402. feet with twenty inch tile, thence for 356 feet with twenty-four inch tile, thence for 496 feet with a brick or stone structure of circular form, of not less than three feet in diameter in the clear, laid in cement, and thence for about half a mile with an open ditch, through the farm of one of the appellants. The drain was to have catch-basins at the commencement, and at each crossing of alleys, and at each side of each street crossed by said drain.

The Revised Statutes of 1881 contain the following provisions as to the power of cities in relation to drainage:

" To fill up or drain any lot or parcel of ground within such city, or within two miles thereof, whenever water has or may become so stagnant and noxious as to be, in the opinion of such council, a nuisance, and injurious to the health or comfort of such city or any part thereof, at the expense of the owner thereof, under such reasonable regulations as the common council shall prescribe," etc. R. S. 1881, section 3106, clause 2.

" For the purpose of drainage of such city," the common council " may go beyond the city limits, and condemn lands;

and materials, and exercise full jurisdiction and all the necessary power therefor." R. S. 1881, section 3106, clause 26.

"To regulate all bridges, culverts, sewers, canal or drawbridges, and the location thereof." R. S. 1881, section 3106, clause 40.

"To construct and regulate sewers, drains, and cisterns, and provide for the payment of the cost of constructing the same. * * To provide for the estimate of the cost thereof, and the assessment of the same upon the owners of such lots and lands as may be benefited thereby, in such equitable proportions as the common council may deem just," etc. R. S. 1881, section 3106, clause 43.

"The common council shall have power to construct and regulate sewers, drains, and cisterns, and provide for the payment of the cost of constructing the same; and when, in its opinion, the construction of any sewer would be of public benefit to the city and necessary for the improvement of any street or streets, for the removal of surface or storm water therefrom, may, by a two-thirds vote, cause to be paid out of the city treasury such portion of the cost of the construction of such sewer as, in the opinion of said council, would be equitable and just." R. S. 1881, section 3151.

The Revised Statutes contain also the following provision as to the power of the city in relation to its streets: "The common council shall have exclusive power over the streets, highways, alleys, and bridges within such city." R. S. 1881, section 3161.

We think that under the foregoing statutes a city has exclusive jurisdiction over the subject of drainage within the city limits, and that the commissioners of drainage have no authority to build drains in the streets of a city or within its boundaries. It is true that section 1 of the act of March 8th, 1883 (Acts 1883, p. 173), provides that a petition for drainage under that act "shall also state that in the opinion of the petitioners or petitioner either that the public health will be improved, or that one or more public highways of the

county, or street or streets of a town or city, will be bene-
fited by the proposed drainage." But this provision gives
no jurisdiction over the streets of the city or within the city.
A street or streets of a city may be benefited by drainage ad-
jacent to the city and not within its limits, and in such a
case the act of 1883 authorizes that fact to be stated in the
petition as one of the grounds of the application. The law
does not contemplate any conflict of jurisdiction or any con-
currence of jurisdiction between two such distinct bodies as
the drainage commissioners and the common council. We
think the circuit court had no jurisdiction to authorize the
construction of the proposed drainage. The judgment, there-
fore, ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing
opinion, that the judgment of the court below be and the
same is hereby in all things reversed, at the costs of the ap-
pellees, and this cause is remanded, with instructions to the
court below to dismiss the proceedings for want of jurisdiction.

Filed April 8, 1885; petition for a rehearing overruled May 21, 1885.