The State, ex rel. Wilcox, v. Jackson et al.

Filed May 7, 1889.

118 553
124 241

118 553
154 378

———————◆———————

No. 13,724.

THE STATE, EX REL. WILCOX, *v.* JACKSON ET AL.

DRAINAGE.—*City.*—*Establishment of Ditch in.*—*Jurisdiction.*—*Collateral Attack.*—The jurisdiction of the circuit court to establish a ditch, under the drainage law of 1881, partly within the limits of an incorporated city, and levy benefit assessments upon city property, can not be questioned by a property-owner in a suit to collect an assessment.

From the Tipton Circuit Court.

*J. W. Robinson*, for appellant.

*R. B. Beauchamp*, for appellees.

OLDS, J.—This is an action to collect an assessment made

upon the lands of the appellees situate in the town, now city, of Tipton, in Tipton county, for the construction of a drain under the provisions of the drainage law of 1881.

A petition was regularly filed in the circuit court of Tipton county, and such proceedings were had as that assessments of benefits were made and confirmed and the ditch ordered and constructed according to the provisions of the act of 1881, and this action is brought to collect the assessment made against the lands of the appellees. The complaint is in proper form, and no question is presented as to its sufficiency. The appellees' answer, alleges that the lands owned by them and assessed are situated within the corporate limits of the city of Tipton, and that the greater part of said ditch is located and constructed within the corporate limits of said city; that a portion of said ditch runs through vacant lands adjoining the city, but the commencement and terminus of the ditch are within the city limits, and that the petition and all the proceedings in said cause described said ditch as commencing and terminating within the city limits and running through the city, except a portion which runs through adjacent lands, and that the property assessed for its construction was within the city limits. A demurrer was filed to the answer by appellant, which was overruled and exceptions taken to the ruling, and the ruling on the demurrer is assigned as error. It is contended by counsel for appellees that the court had no jurisdiction to order and construct a drain located as the drain in question, part of it being within the corporate limits of an incorporated city or town, and assess city or town property for the construction of the same, and that the proceedings of the circuit court in approving the assessments and establishing and ordering the construction of the drain were void. Counsel cite, in support of this theory, the case of *Anderson* v. *Endicutt*, 101 Ind. 539.

The circuit court is not only a court of general jurisdiction, but, by the act of 1881, under which the drain in question was constructed, it was given exclusive jurisdiction of drain-

age proceedings prosecuted under said act. Upon the presentation of a petition for the construction of a drain, the court had jurisdiction of the cause and authority to determine what property was subject to assessment for the construction of the ditch, and the judgment, although erroneous, would be binding upon all persons properly in court in such cause.

The petition was filed for the construction of the drain in question in this case; notice was given of the pendency of the proceedings as required by law; no appearance was made by appellees, and the court took jurisdiction and established the ditch, confirmed the assessments, ordered and constructed the ditch. After the ditch is constructed and suit is brought in this case for the collection of the assessment of benefits against the property of the appellees, they seek to question the jurisdiction of the court in the proceeding for the establishment and construction of the ditch.

The jurisdiction of the court can not be attacked in this case. The jurisdiction of the court can not be attacked collaterally, as is sought to be done in this case. *State* v. *Wenzel*, 77 Ind. 428.

In the case of *Anderson* v. *Endicutt, supra,* the question of jurisdiction was presented in the original case.

The court erred in overruling the demurrer to the answer.

Judgment reversed, at costs of appellees, with instructions to sustain the demurrer to appellees' answer, and for further proceedings not inconsistent with this opinion.

Filed May 7, 1889.