Filed June 5, 1889.

No. 13,885.

## GRIFFIN, ADMINISTRATOR, *v.* HODSHIRE.

DECEDENTS' ESTATES.—*Claim Against.*—*General Denial.*—*Defences Admissible Under.*—Where a general denial is filed to a claim against an estate, all matters of defence, except set-off and counter-claim, may be given in evidence thereunder.

MORTGAGE.—*Foreclosure.*—*Parties.*—*Assignee in Bankruptcy.*—*Void Sale.*—*Satisfaction of Judgment.*—Where a mortgagor becomes bankrupt and conveys his property, including that described in the mortgage, to an assignee, the latter is a necessary party to a suit to foreclose the mortgage, and a sale under a decree given in a suit to which he is not a party is void, does not satisfy the judgment, and is not a bar to an action thereon.

JUDGMENT.—*Res Judicata.*—*Estoppel.*—Where a judgment debtor institutes an action to have the judgment declared satisfied, it is his duty to bring forward any matter, then existing, which will entitle him to the relief sought, and all matters which he might have adduced in that proceeding, but omitted, are barred by the judgment then rendered, and can not

be litigated in an action against his representatives upon the original judgment.

From the Montgomery Circuit Court.

*B. Crane* and *A. B. Anderson,* for appellant.

*T. H. Ristine, H. H. Ristine, P. S. Kennedy* and *S. C. Kennedy,* for appellee.

COFFEY, J.—The appellee filed the following claim, in the Montgomery Circuit Court, against the estate of James Wasson, deceased, viz.: " The estate of James Wasson, deceased, to Martha F. Hodshire, Dr : To amount of judgment in her favor, and against said defendant and John Wasson, rendered in the Montgomery Circuit Court on the 20th day of May, 1876, entered in Order Book 19, page 85, and in Judgment Docket 7, at page 85, $1,484.70, and interest on the same to this date, February 18, 1887, $958.82, $2,443.52."

Upon an issue formed by the general denial the cause was tried by the court, who made a special finding of the facts and stated conclusions of law thereon as follows :

" 1. That on the 20th day of May, 1876, the plaintiff, Martha F. Hodshire, recovered a judgment and a decree of foreclosure, in the Montgomery Circuit Court, of Indiana,  *  * against the deceased, James Wasson, and another, for the sum of $1,484.70, and that there is due and unpaid, at this time, for the principal and interest thereof, the sum of twenty-four hundred and seventy-two dollars ($2,472).

" 2. That a certified copy of the decree and judgment rendered in said case of Hodshire v. Wasson *et al.,* on said 20th day of May, 1876, issued to the sheriff of Montgomery county, Indiana ; that the only endorsement or return ever made by said sheriff upon said certified copy of said decree and judgment was in the words following :

" 'April 21st, 1877. Received of Martha F. Hodshire the sum of sixteen hundred and twenty and 25-100 dollars, in full of her bid and purchase money on the within described real estate.        SAMUEL D. SMITH, Sheriff M. C.'

Griffin, Administrator, *v.* Hodshire.

" 'April 21st, 1877. Received of S. D. Smith, sheriff, the sum of fifteen hundred and sixty 60-100 dollars in full of the principal and interest due plaintiff as realized on sale of the within described real estate.

" ' MRS. M. F. HODSHIRE, per H. WASSON.'

" 3. That Samuel D. Smith, as sheriff of Montgomery county, Indiana, on the 21st day of April, 1877, offered for sale at public auction the real estate described in said decree, to satisfy the judgment in favor of Martha F. Hodshire v. James Wasson *et al.*, rendered May 20th, 1876, and that at such sale there was bid for said land, on behalf of said Hodshire, the amount due for principal, interest and costs upon said judgment, to wit : $1,620.70, and that said Smith, sheriff, did, on said 21st day of April, 1877, as such sheriff, sell said real estate to said Martha F. Hodshire.

" 4. That at some time thereafter, Henry Wasson paid to said sheriff the sum of $54.00, costs, and that he paid the said sum as the agent of said Martha F. Hodshire.

" 5. That on the 7th day of January, 1884, the said James Wasson instituted a suit against said Martha F. Hodshire, being cause No. 6,984, in the Montgomery Circuit Court, to have declared satisfied the judgment rendered in favor of said Hodshire against said Wasson on May 20th, 1876, as hereinbefore found ; that in said suit there was a special finding of facts and conclusions of law stated thereon, and in pursuance thereof it was adjudged that plaintiff take nothing by his suit, and judgment was rendered in favor of said Hodshire for costs ; that said Wasson appealed therefrom to the Supreme Court of Indiana, and the judgment rendered as aforesaid was, in said Supreme Court, affirmed ; that the complaint, answer and order book entries, special finding of facts and conclusions of law, and judgment in said cause No. 6,984, are as follows : * * * ' James Wasson, plaintiff, complains of Martha Hodshire, and says, that on the 7th day of May, 1872, the plaintiff and John Wasson were the joint owners of the following described real estate in Mont-

gomery county, Indiana, to wit: The southwest quarter of section thirty-four (34), township twenty (20) north, of range four (4) west, containing 160 acres, more or less; that on the said 7th day of May, 1872, the plaintiff and said John Wasson borrowed of the defendant the sum of $2,250, and executed to the defendant their note therefor, and to secure the payment of the note executed to the defendant a mortgage on said described real estate; that one-half of the said sum of $2,250 was received by and was for the use and benefit of said John Wasson; that, as to the share of said $2,250 received by said John Wasson, plaintiff was surety only for said John, as the defendant well knew, at the time said money was lent and said note and mortgage executed; that on the 7th day of April, 1875, the said James Wasson, by himself or an authorized agent, paid the one-half of the amount then due on said note, the whole note being then due and payable, and the said defendant, by entry of record, released all the interest of the plaintiff in and to the real estate described in said mortgage from the lien of said mortgage, and plaintiff's interest in said mortgaged premises was one-half in value thereof; that on the 13th day of April, 1876, said defendant commenced a suit, in the Montgomery Circuit Court, against said plaintiff and said John Wasson, on said note for the balance due thereon, and for the foreclosure of said mortgage; that such proceedings were had in said suit as resulted, on the 20th day of May, 1876, in a judgment against said plaintiff and said John Wasson for the balance due on said note, to wit, $1,409.40, and the further sum of $75.00 as attorney's fees, and the foreclosure of said mortgage as to the interest of John Wasson in said real estate at the time the mortgage was executed, said interest being the undivided one-half of said real estate; that in and by said decree it was ordered that said undivided half of said real estate be sold to satisfy said judgment, and in default of said real estate bringing sufficient to satisfy said judgment, that the balance be made by levy and sale of the property

of said defendants; that on the 3d day of November, 1876, .a copy of said judgment and decree was duly certified to the sheriff of said county, who proceeded by virtue thereof to .advertise said real estate for sale, and on the — day of ——, 1876, in pursuance of said advertisement, offered said real estate for sale at the court-house door in said county, and the plaintiff, by herself and agent, bid for said real estate an amount sufficient to satisfy said judgment, interest and costs, and accrued costs, and the said bid was accepted, it being the highest and best bid made; that said defendant failed and refused to pay the costs included in said proceedings and to complete the purchase of said real estate ; that she suffered said real estate to become delinquent for taxes, and that afterwards said real estate was sold to satisfy said delinquent taxes, to Hector S. Braden, who received a deed by virtue of said sale, and acquired the title thereby to said real estate ; and plaintiff further avers that said real estate was, at the time of the rendition of said judgment, and at the time it was offered for sale as aforesaid, more than sufficient in value -to pay said judgment and costs, and accruing costs ; wherefore,' etc., * * * . That said Martha F. Hodshire an-.swered said complaint by a general denial.

" That the special finding in said cause was as follows :

"' 1.   That on the 7th day of May, 1872, the plaintiff and John Wasson were the joint owners of the following described real estate, in Montgomery county, to wit: The southwest quarter of section thirty-four (34), township twenty (20) north, range four (4) west.

"' 2.   That on said 7th day of May, 1872, the plaintiff and the said John Wasson borrowed of the defendant the sum of $2,250, and executed to her their note therefor and a mortgage upon said land to secure the same.

"' 3.   That one-half said sum of $2,250 was received by said John Wasson, and was for his use, and the other half was received by the plaintiff herein.

" '4.   That as to the one-half of said sum received by the said

John Wasson the plaintiff was surety only, which fact became known to the defendant on the 20th day of May, 1876.

"'5. That on the 7th day of April, 1876, the plaintiff paid to the defendant his one-half of said sum, with the interest thereon to that date.

"'6. That on said 7th day of April, 1875, the defendant released all the interest of the plaintiff in and to the real estate described in said mortgage from the lien of said mortgage, being one-half thereof.

"'7. That on the 13th day of April, 1876, said defendant commenced suit in the Montgomery Circuit Court against the plaintiff and said John Wasson, on said note, for the balance due thereon and for the foreclosure of said mortgage ; that such proceedings were had in said suit as resulted, on the 20th day of May, 1876, in a judgment against the plaintiff and said John Wasson for the sum of $1,409.40, and the further sum of $75 as attorney's fees, and the foreclosure of said mortgage as to the interest of said John Wasson in said real estate at the time said mortgage was executed, being the undivided one-half thereof.

"'8. That on the 3d day of November, 1876, a copy of said judgment and decree was duly certified to the sheriff of said county of Montgomery, who proceeded by virtue thereof to advertise said real estate for sale on the 24th day of April, 1877.

"'9. That at the time of said foreclosure proceeding John Wasson had become and was a bankrupt, and M. D. Manson was assignee in bankruptcy of said Wasson's estate, and succeeded to all the rights of John Wasson in said real estate.

"'10. That at the February term, 1879, of the Montgomery Circuit Court, in a proceeding for partition of said real estate between the plaintiff and said Manson and said John Wasson, the share of said real estate to which said John Wasson would have been entitled, had he not become a bankrupt, was set off to the assignee, the said Manson, and the said plaintiff's interest in said real estate was set off to him.

" ' 11. That the interest in said real estate which was set off to said Manson was subject to the lien of defendant's mortgage; that said interest was suffered to and did become delinquent for unpaid taxes, and, on the 14th day of February, 1879, was sold at tax sale to Hector S. Braden.

" '12. That afterwards, to wit, on the 14th day of February, 1881, said Hector S. Braden, having acquired a tax deed in pursuance of his said purchase, commenced an action in the Montgomery Circuit Court against the defendant herein and others to quiet his title to said real estate acquired by said tax sale and deed, and obtained a judgment quieting his said title against said defendant; that said defendant failed to appear to said action, and suffered judgment by default to go against her in said action, and was thereby deprived of the benefit of said land as a security for his said debt.

" 'And the court finds and states as its conclusions of law, based on the above found facts:

" '1. That as the loss of the mortgage security was occasioned by no affirmative act on the part of the defendant, Hodshire, but was merely suffered by her to be sold for the payment of delinquent taxes thereon, she is not guilty of such negligence in respect to the loss of said mortgage security as will discharge and release the plaintiff as surety on said mortgage debt.

" '2. That the defendant is entitled to a finding in her favor.

" ' It is, therefore, considered and adjudged by the court that plaintiff have nothing by his suit, and that the defendant have and recover of and from the plaintiff her costs herein, taxed at $——.'

" 6. That the suit begun as aforesaid, on January 7th, 1884, by said James Wasson against said Martha F. Hodshire, involved the same matters and the same issues, and was between the same parties as in this suit, and that the matters sought to be litigated by the defendant in this suit were liti-

gated and determined in said former suit in favor of said Martha F. Hodshire."

As conclusions of law upon the foregoing facts the court states :

" That there is now due the plaintiff, Martha F. Hodshire, on her said judgment, the sum of $2,472, and the court finds for the plaintiff for said sum of $2,472."

And the defendant excepted to said conclusions of law.

Judgment was rendered in favor of the appellee on the above finding for the sum therein stated, and the appellant assigns as error that the circuit court erred in its conclusions of law as above set forth.

The only pleadings in the cause consist of the claim in suit and the denial thereto. Under such an issue all matters of defence, except set-off and counter-claim, might be given in evidence. Section 2324, R. S. 1881.

As the evidence in the cause is not in the record, it is difficult to determine, with exactness, just what the appellant did rely upon as a defence in the circuit court. It was found by the court that the matters involved in this suit are the same as the matters involved in the case of *Wasson* v. *Hodshire*, 108 Ind. 26, and that they were adjudicated and settled in that suit. If so, then the first conclusion of law stated by the court is correct. But, conceding that the matter relied upon by the appellant was that the judgment in the case of Hodshire *v.* Wasson *et al.* had been satisfied by the sale of the mortgaged property in that judgment and decree described, we think that the second statement of the law is correct.

It appears by the special findings that at the time of the foreclosure proceeding therein set out, John Wasson had become a bankrupt, and that his interest in the land described in the mortgage had been assigned to Manson. It does not appear that Manson was made a party to the suit to foreclose the mortgage. If he held the title, and was not a party to

that suit, the foreclosure was void, and a sale under it conveyed no title. It did not satisfy the judgment, and was no bar to an action upon such judgment. *Curtis* v. *Gooding*, 99 Ind. 45; *Pauley* v. *Cauthorn*, 101 Ind. 91; *Shirk* v. *Andrews*, 92 Ind. 509; *Searle* v. *Whipperman*, 79 Ind. 424.

It furthermore appears from the allegations in the complaint in the case of *Wasson* v. *Hodshire, supra*, that the appellee in this case never perfected her bid on the sale of the land in the foreclosure proceedings, and it was determined in that action that the plaintiff was not entitled to be relieved from the judgment then standing against him. His representative can not now be heard to say that such judgment was not binding upon him. A party can not be permitted to split up his cause of action and maintain separate suits upon it, and thus harass his antagonists. Freeman Judgments (3d ed.), section 309; *Indiana, etc., R. W. Co.* v. *Koons*, 105 Ind. 507.

In the case last above cited this court approved the following quotation from the case of *Henderson* v. *Henderson*, 3 Hare Ch. 100 (115) : " Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case."

The object of the suit of *Wasson* v. *Hodshire, supra*, was to have the judgment then in controversy declared satisfied as to Wasson. It was his duty in that suit to bring forward any matter that then existed which would enable him to succeed in the accomplishment of the object sought. All matters at that time omitted are precluded by the judgment then rendered.

In our opinion the court did not err in its conclusions of law in this case.

Judgment affirmed.

