Filed May 26, 1891.

---

No. 15,050.

## SCRUGGS ET AL. *v.* REESE ET AL.

DRAINAGE.—*Straightening Watercourse.—Drainage Commissioners.—Jurisdiction.*—Under the statutes of this State, authority is given to drainage commissioners to alter or change the channel of watercourses only when, as expressed in the act, it is a "method of drainage." Acts 1885, p. 129. The primary object of the statute is the reclamation of wet lands, and the power to alter and straighten watercourses is a mere incident, and only to be exercised when it becomes necessary to promote drainage. A proceeding to establish a drain where the primary purpose is to straighten a watercourse, and the drainage a mere incident, is not within the jurisdiction conferred upon the circuit court by the above act.

From the Morgan Circuit Court.

*W. S. Shirley, C. G. Renner* and *F. P. A. Phelps*, for appellants.

*J. S. Newby*, for appellees.

MILLER, J.—This is an appeal from a proceeding for the establishment of a drain.

The appellees filed their petition in the Morgan Circuit Court, and procured the drain under and pursuant to the act of April 6th, 1885 (Acts 1885, p. 129). The appellants were remonstrants. The objection to the proceeding presented in the briefs of counsel relate exclusively to the jurisdiction of the court. This objection was made in the circuit court on motion to dismiss and as a cause of remonstrance.

The petition describes the drain proposed to be constructed as beginning at a designated point and " running thence north, or as nearly north as practicable, about ninety rods, to intersect the channel of White river, and thereby change said White river by straightening the same."

The drain is described in the report of the commissioners and order of the court as commencing at a point in the present bottom of White river and extending thence seventeen hundred feet north, and opening upon said river, at which point a break-water three hundred feet in length was to be constructed across the river.

The evidence introduced at the trial shows, without dispute, that the purpose of the ditch or drain was to straighten the course of the river, or at least to carry off a portion of the water at times of flood, and to prevent the river cutting a new channel.

The evidence of the commissioners shows that the assessments were upon the lands not in proportion to the benefits they would receive on account of their drainage, but in proportion to estimated danger of their being injured by the threatened new channel. One of the drainage commissioners says in his testimony :

" We made the estimates upon the lands from the danger

of the river cutting the new channel through the lands and overflowing them. The new channel will not prevent overflow in times of high water, but will shorten the river, and thus take the water off faster and draw the current off from where it now flows, and the greater volume of water will follow the channel, and lessen the quantity of overflow as it now is."

The appellant contends that, as the primary object of the improvement was the straightening of the river, and the drainage a mere incident, the whole proceeding was without the jurisdiction conferred upon the circuit court by the act approved April 6th, 1885. Elliott's Supp., section 1184.

The appellees do not deny that the purpose of the drain was to straighten the river, but claim that jurisdiction is given the circuit court by the following clause in section 3 of this act, viz. :

" They may determine that the method of drainage shall be by removing obstructions from a watercourse by deepening, widening, straightening or changing its channel, by constructing an artificial channel, ditch or drain, open or covered, by making levees, or by any or all of such methods combined."

In ascertaining the probable legislative intent in the enactment of this clause, it is instructive to note the course of legislation upon this subject. We accordingly find that substantially the same provision is contained in the act of 1881, R. S. 1881, section 4275, and in the act of 1883. Acts 1883, p. 176, section 3.

It follows that if this act gives the court jurisdiction to change and straighten the channels of watercourses where drainage is a mere incident, such jurisdiction has existed since April 8th, 1881.

We also find that on March 8th, 1883, an act was passed expressly authorizing boards of county commissioners to straighten or change the course, direction or location of the

channel of any stream of water, and declaring an emergency for the immediate taking effect of the act. Acts 1883, p. 192.

The provisions of this act, although similar in some respects to the drainage act, are essentially different. If full jurisdiction had been given the circuit court to change, alter and straighten the channel of streams, it is difficult to determine what useful purpose was to be accomplished in the enactment of the later act.

We are of the opinion that authority is given drainage commissioners to alter or change the channel of watercourses only when as expressed in the act it is a "method of drainage;" that the primary object of the statute is the reclamation of wet lands, and the power to alter and straighten watercourses is a mere incident, and only to be exercised when it becomes necessary to promote drainage; and that the act of March 8th, 1883, gives to the boards of county commissioners exclusive jurisdiction to straighten or change watercourses to protect the banks of the stream, where the change of the channel is the primary object to be accomplished, although, incidentally, lands subject to overflow may be benefited thereby.

The case of *Lipes* v. *Hand,* 104 Ind. 503, is not inconsistent with, but rather tends to support this position. In that case, although the fact is not set out in the opinion, it was necessary, in order to properly drain wet lands, and to furnish outlets for drains, that the channel of Eel river should be improved, and this it was held might be done under the drainage act.

While it is true that the drainage act is to be liberally construed to promote the drainage of wet or overflowed lands, its provisions will not be extended to accomplish purposes foreign to the object for which it was enacted.

The act of March 8th, 1883 (Acts of 1883, p. 173), provided that a drain might be established where it would benefit the streets of a town or city, notwithstanding which it

was held that the circuit court had no jurisdiction to order the construction of a drain within the corporate limits of a city. *Anderson* v. *Endicutt*, 101 Ind. 539.

In our opinion the power to straighten or change the location of the channel of any stream or body of water, to prevent the banks from washing or cutting by the flow of water, is as much within the exclusive jurisdiction of the boards of county commissioners as the construction of drains within the limits of a city is within the exclusive jurisdiction of the common councils of such cities.

The judgment is reversed, with costs, and the court directed to sustain the motion to dismiss the proceedings for want of jurisdiction.

Filed May 26, 1891.