HOEFGEN *v.* HARNESS˙ ET AL.

[No. 18,253. Filed June 11, 1897.]

DRAINS.—*Assessment of Damages.—Intervening Petition by Land-owner.—Statute Construed.*—An intervening petition, seeking an allowance for damages resulting from the construction of a drain, filed nearly three years after such drain had been established, and nearly two years after the drainage commissioner had reported that the drain was partially completed, is properly stricken from the files, under the provisions of section 5625, Burns' R. S. 1894, where it is shown that such petitioner was duly notified of the proceedings at the time the drain was established. *pp. 225–229.*

SAME.—*Remonstrance.*—One who fails to remonstrate against the construction of a drain, as provided by section 5625, Burns' R. S. 1894, is as much barred by the judgment as if he had remonstrated and been defeated. *p. 229.*

From the Marion Circuit Court. *Affirmed.*

*J. H. Blair,* for appellant.

*A. W. Wishard* and *Blackledge & Thornton,* for appellees.

McCabe, C. J.—A part of the appellees were the petitioners in the circuit court for the construction of a certain drain in Marion county, under the act approved April 6, 1885, providing for the institution of proceedings in the circuit court for the construction of such drains.

The petition was referred to the drainage commissioners. Due notice was given of the docketing of the petition, and within the time provided, the court ordered the same placed on the docket of said court as an action pending. The court referred the same to the drainage commissioners. Said drainage commissioners met at the time and place ordered and fixed

by the court, and considered the matters required of them by the statute, among which was, they estimated the costs thereof, and assessed the benefits and injury to each separate tract of land to be affected thereby, and made their report as directed under oath to the court. Remonstrances were filed, and such remonstrances were all acted upon, and after the ten days allowed for filing such remonstrances had elapsed, there was a final order made and entered, declaring the proposed work established, and approving the assessments of damages and benefits by the commissioners, and the court assigned the work to a commissioner for construction. He afterwards, pursuant to said order, entered into contracts for the construction of the work.

Nearly three years after the drain had been established and nearly two years after the drainage commissioner had reported that the drain was partially completed, and after the drain had been completed, the appellant filed what her counsel calls an intervening petition asking for an allowance for damages done to her land, alleging therein that the drain as it turned out did not benefit her lands any, and that it damaged it in a large amount. It is not denied that she was duly notified of the proceeding, and had had her day in court; but it is alleged that at that time she was unable to discover that the proposed drain would not only not benefit her land, but on the contrary would cause great injury thereto.

The circuit court sustained the appellees' motion to strike said petition from the files. This action of the circuit court is called in question by the assignment of errors as the only alleged error complained of.

It is contended by the appellees in support of the ruling of the trial court, that the so-called interven-

ing petition is a collateral attack upon a judgment of a court of competent jurisdiction over the subject-matter and the parties, and hence it was, as they contend, proper to strike it from the files. On the other hand it is contended on behalf of the appellant, that this court has decided in several cases that the drainage act referred to contemplates that further proceedings, upon notice being given, may be had in a drainage case, after judgment of the court establishing the drain and approving the assessments has been rendered. One of the cases cited in support of this contention is *Perkins* v. *Hayward*, 132 Ind. 95. After the judgment establishing the drain and confirming the assessments of damages and benefits the appellants in that case moved the court, among other things, "to set aside, vacate, and annul the judgment heretofore rendered herein, * * * establishing the drain prayed for in the petition herein, and approving the assessments made by the commissioners, and appointing John Price drainage commissioner to construct said work, for the reason that it appears by the petition, that it is proposed herein to construct a drain to lower and drain certain of the fresh water lakes of the counties of Steuben and LaGrange; that such is one of the objects and purposes, and that this court has no jurisdiction thereof, nor any authority of law to proceed further therein." This motion was overruled, and this court in support of that ruling said: "The drainage law, under which these proceedings were had, contemplates that after judgment has been rendered by the court establishing a ditch and ordering its construction, the case shall still remain upon the docket of the court while the ditch is in progress of construction. The ditch commissioner, to whose supervision the work is entrusted, acts throughout under the direction of the court. * * *

Only when he reports, showing the work done, does it finally disappear from the docket. It does not follow, however, that the entire proceeding is *in fieri* during all this time. The statute contemplates adversary proceedings. Provision is made for bringing before the court all persons interested in or affected by the work. Issues may be formed and tried, as was done in this case. But the judgment, establishing the ditch and ordering its construction, is a final judgment, which terminates the adversary proceedings. It is, thereafter, on the docket only for the purpose of carrying into effect the judgment actually rendered, and not for any action modifying or changing that judgment."

This decision is as clearly against appellant as it can be. If the judgment establishing the ditch and ordering its construction is a final judgment which terminates the adversary proceedings, certainly thereafter there can be no assessment of benefits or damages, for such assessments belong to the adversary part of the proceedings. If it remains on the docket only for the purpose of carrying into effect the judgment actually rendered, and not for any action of modifying or changing that judgment, then the case was not on the docket for the purpose of awarding damages to the owners of the land through which the drain passes and who had had their day in court. It is provided in the third section of the act (section 5624, Burns' R. S. 1894) that the drainage commissioners to whom the court refers the petition "shall make personal inspection of the lands described in the petition, and all other lands likely to be affected by the proposed work; and consider: *First,* whether the drainage proposed is practicable; *second,* whether, when accomplished, it will improve the public health or benefit any public highway in the county or streets of a town

or city, or be of public utility; and, *third,* whether the costs, damages and expenses of effecting the drainage will be less than the benefits to the owners of the lands likely to be benefited by the proposed drainage. If they find any of these inquiries in the negative, they shall make report of such finding to the court, and thereupon the petition shall be dismissed at the cost of the petitioners. But if they find otherwise, they shall proceed and definitely determine," and among other things, "estimate the cost thereof,   *   *   * and   *   *   * assess the benefits or injury as the case may be to each separate tract of land to be affected thereby   *   *   * and make report to the court as directed under oath."

The next section provides among other things, that persons whose lands are assessed as benefited may remonstrate, among other reasons, on the ground that their lands are assessed too much as compared with other lands assessed as benefited or damaged, that other tracts specifying the same are assessed too low according to the benefits likely to be received; and by any person whose lands are assessed as benefited, that the same will not be affected, nor benefited to the extent of the assessment by the proposed work if accomplished; by any person whose lands are assessed as damaged, that the damages assessed are inadequate, and by any person whose lands are reported as benefited, that his lands will be damaged by the construction of the proposed work. It is further provided in the same section, among other things, that: "If the finding and judgment of the court be against the remonstrance or remonstrances,   *   *   * the assessments made by the commissioners shall be confirmed and the order of confirming shall be final and conclusive."

If it were not so provided then at any and all times

the subject of benefits and damages would be open to constant change as to the cost of construction, and such changes might result in establishing that the damages exceeded the benefits and thus defeat the work, or rather defeat all assessments after the work had been practically completed.

There was, therefore, not only sound reason for the holding in the case from which we have quoted above, to the effect the case only remains on the docket for the purpose of carrying into effect the judgment rendered and not for any action modifying or changing that judgment, but the statute makes it imperative on the court so to hold.

Because, if the action invoked by the so-called intervening petition can be taken, the whole judgment may be defeated in the way above indicated.

The whole statute forbids such a construction.

But it is contended that the appellant filed no remonstrance, and, hence, the matters she now seeks to litigate have never been litigated.

A remonstrance as provided for in the statute is in the nature of a defense, and it is settled that a defense which a party might have made, and did not make or present until after judgment, is as much barred by the judgment as if he had made it and been defeated. *Ballard* v. *Franklin Life Ins. Co.*, 81 Ind. 239; *Fischli* v. *Fischli*, 1 Blackf. 360; *Griffin* v. *Hodshire*, 119 Ind. 235.

In the latter case it was said at page 243 that: "Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect to matter which might have been brought for-

ward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted a part of their case."

The meaning of which is that as long as the judgment stands they are concluded, and that under special circumstances in such cases they may be permitted to open up the subject of litigation.

It is not necessary to decide whether in such a case such a judgment can be opened up, because that was not what was asked for in the case now before us.

It was asked to go into the question of appellant's damages, and leaving the judgment to stand; her only excuse for not bringing that subject forward at the proper time to remonstrate, is that she could not then see that the proposed ditch would damage her land. She, however, is in no better condition than if she had remonstrated for damages and for want of benefits, and been defeated. Had she done so, she could not now come forward and file a new remonstrance on the ground that the drainage commissioners had made a mistake in failing to assess damages to her land. That is substantially what she is asking to do.

The court did not err in striking the petition from the files.

The judgment is affirmed.