## ROYSE ET AL. *v.* EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY ET AL.

[No. 19,749.    Filed May 21, 1903.]

DRAINS.—*Levee.*—The act of 1891 (Acts 1891, p. 455, §5690 *et seq.* Burns 1901), authorizing the board of county commissioners to cause to be located and constructed, straightened, widened, altered or deepened any ditch, drain or watercourse of the length of five miles or more when the same is necessary to drain any lots, lands, public or corporate roads, or railroads, and providing that the petition therefor shall include any side, lateral, spur or branch ditch, drain or watercourse, the lowering of any lake or other work necessary to secure fully the object of the improvement petitioned for, whether the same is mentioned or not in such petition, does not authorize the building of a levee, where the same is not a mere incident to the construction of the drain, but is rather the principal improvement.    *pp. 593-596.*

SAME.—*Levee.*—Where a petition for the construction of a ditch included the construction of a levee which the court held was not authorized by the act under which the proceeding was brought, and such petition treated the entire improvement as a unit, and proceeded on the theory that both the ditch and the levee were required to accomplish the desired ends, the court properly dismissed the proceeding instead of referring it back to the viewers with instructions to amend their report so as to limit the proceeding to the construction of a ditch.    *pp. 596, 597.*

From Knox Circuit Court; *O. H. Cobb,* Judge.

Proceeding by John Royse and others for the construction of a ditch and levee. The Evansville & Terre Haute Railroad Company and others filed a motion to dismiss the proceeding, and upon the overruling of the motion the case was appealed. From the action of the circuit court dismissing the proceeding, petitioners appeal. *Affirmed.*

*John Wilhelm, W. A. Cullop, G. W. Shaw, W. H. De-Wolf* and *E. H. De Wolf,* for appellants.

*J. E. Iglehart, Edwin Taylor, J. W. Emison, W. W. Moffett* and *S. W. Williams,* for appellees.

GILLETT, J.—Appellants filed in the office of the auditor of Knox county their petition showing that their lands would be "benefited or drained" by the straightening, widening, altering, and deepening of a certain watercourse, by the location and construction of a ditch, and by the establishing and building of a levee. It is alleged that the proposed drain is more than five miles in length, and that the construction of said work is necessary to drain and reclaim the land over which the same passes, as well as public roads thereon, and will be conducive to the public health, convenience, and welfare. The petition then sets forth the route and plan of the improvement petitioned for. The route of the proposed drain follows the general course of a stream or watercourse, known as the Duchee river, for some distance, and then extends south to White river. The course of the proposed levee is described in the petition as extending along the west side of said drain, and as near thereto as practicable, from the commencement thereof to White river, and from the latter point along the north shore of said river, following the meanderings thereof, to a point about two miles west of said drain. The petition affirmatively states that it is based on an act entitled, "An act concerning drainage under specified conditions, and declaring an emergency," approved March 7, 1891. Acts 1891, p. 455, §5690 et seq. Burns 1901.

The petitioners filed a bond with their petition, as required by law, and the bond was duly approved. The board of commissioners appointed viewers, who reported favorably. This report was approved, and the board directed the viewers to lay out the work, assess the benefits and damages, etc. The viewers afterwards filed their second report, showing their doings in the premises, which report was subsequently approved by the board, and the work ordered established. While the proceeding was still before the commissioners, the appellees filed separate motions to dismiss the

proceeding, for the reason, among others, that the court had no jurisdiction over the subject-matter thereof. These motions were overruled, appellees afterwards appealed, and renewed their motions in the circuit court, where they were sustained, and from the judgment of dismissal the appellants appeal.

Did the court err in dismissing the proceeding? The act in question does not, as do some of the drainage acts of the State, enact a rule of liberal construction, and as the proceeding involves a taking of private property by the power of government, the opposite construction must prevail. Lewis, Eminent Domain (2d ed.), §254.

Statutes concerning the drainage of land ordinarily contemplate the removal of water therefrom by means of an artificial channel or trench. 10 Am. & Eng. Ency. Law (2d ed.), 221; *City of Valparaiso* v. *Parker,* 148 Ind. 379. On the other hand, the word "levee" is defined as "An embankment intended to prevent inundation." Anderson's Law Dict. The word has also been defined as "An artificial mound of earth intended exclusively as a protection from overflow." 18 Am. & Eng. Ency. Law (2d ed.), 838. If the construction of a levee is a work entirely foreign to the contemplation of the statute, the provisions of the enactment will not be extended to accomplish such purpose. *Scruggs* v. *Reese,* 128 Ind. 399. It is claimed that §1 of the act in question is broad enough to authorize the construction of such a work. That section, omitting the enacting clause, is as follows: "That the board of commissioners of any county in the State of Indiana, are authorized at any regular or called session, to cause to be located and constructed, straightened, widened, altered, or deepened any ditch, drain or watercourse of the length of five miles and upward as hereinafter provided, when the same is necessary to drain any lots, lands, public or corporate roads, or railroads, or will be conducive to the public health, convenience or welfare. The word 'ditch,' used in this act, shall be held

to include a drain or watercourse or any drain or watercourse heretofore constructed. The petition for any such improvement shall be held to include any side, lateral, spur or branch ditch, drain or watercourse, the lowering of any lake or other work necessary to secure fully the object of the improvement petitioned for, whether the same is mentioned or not in such petition; but no such improvement shall be located unless a sufficient outlet is first found by the court to exist or is provided by such improvement." The act, as the title indicates, is "an act concerning drainage under specified conditions." Section one contemplates the construction, etc., of "any ditch, drain or watercourse," under certain circumstances. The provision that the petition "shall be held to include any side, lateral, spur, or branch ditch, drain or watercourse, the lowering of any lake or other work necessary to secure fully the object of the improvement petitioned for," does not authorize the construction of a levee, except possibly as an incident of the main work. "The object of the improvement to be petitioned for," within the legislative contemplation, is drainage, and the provision that the improvement shall not be located "unless a sufficient outlet is first found by the court" but emphasizes the purpose of the legislature. The words "or other work," found in the statute, if not within the *ejusdem generis* rule of construction, refers to a work that contributes to drainage. If the legislature had had a purpose to authorize the holding back of water in addition to drainage as a substantive part of a scheme for the reclamation of overflowed lands, it is fair to presume that the purpose would have been expressed in the enactment, as it is in the circuit court drainage act. §5624 Burns 1901. The work of building a levee could, of course, be done under the provisions of the act of March 5, 1889. Acts 1889, p. 104, §7202 *et seq.* Burns 1901. The act of March 8, 1897 (Acts 1897, p. 208), providing for the maintenance of levees and flood-gates constructed under said act of March

7, 1891, *supra,* while not controlling as to the meaning of said act, contains persuasive evidence of such meaning, since the preamble declares that "It does not appear that the same [levees and flood-gates] could be legally constructed under said act." It is our conclusion that the act in question does not authorize the building of a levee where the same is not a mere incident to the construction of a ditch or drain, but is rather the principal improvement.

In this case it appears on the face of the petition that the construction of the levee is not an incident to the ditch. The fact that the petition asks for the construction of a levee to parallel the ditch its entire length, and to extend some two miles to the west of the mouth of said ditch, indicates that the levee is the principal improvement. In fact, it is admitted in the brief of counsel for appellants that the object of this proceeding is to reclaim many thousands of acres which lie to the north and west of said levee by excluding the waters of White river therefrom.

It is insisted, however, on behalf of appellants that the petition was at least sufficient for a ditch, and that, if a levee can not also be built under the act, the court, instead of dismissing the proceeding, should have referred it back to the viewers, with an instruction to amend their report so as to limit the proceeding to the construction of a ditch. The petition alleges that "the construction of said work [referring to the ditch and levee] is necessary" to accomplish the objects, public and otherwise, mentioned therein. The proposed improvement is treated as a unit in such instrument, and an issue is tendered as to what will be accomplished thereby. In other words, the petition proceeds on the theory that both the ditch and the levee are required to accomplish the desired ends, and the proposition to construct a levee can not be eliminated from the petition without at the same time eliminating vital allegations as to what the improvement will accomplish. These matters lay at the very threshold of the right to invoke the statute, and

the court could not properly refer the proceeding to the viewers, to construct a ditch, without any determination of the right to proceed, and without any issue tendered thereon. As the allegations of the petition are so interwoven that the board was called on to approve the work as a whole, if it acted favorably upon the petition, and as it was not authorized to establish the entire work, we think that the court below did right in treating the matter as jurisdictional, and dismissing the proceeding.

Judgment affirmed.