CITY OF MARTINSVILLE *v.* WASHINGTON TOWNSHIP
OF MORGAN COUNTY.

[No. 7,696.   Filed June 21, 1910.]

1.  DRAINS.— *Taxation of Cities for.— Legislative Questions.—*
Whether property within a city benefited by the construction of
a drain passing through, or having its source within, such city,
shall be taxed for the construction thereof, is a legislative ques-
tion.   p. 204.

2.  TAXATION.—*Townships.—Cities.—Purposes.—*Townships outside
of cities cannot be taxed for purely city purposes, nor cities, for
purely township purposes; but both may be taxed for improve-
ments conducive to their mutual interests.   p. 204.

3.  STATUTES.—*Construction.—Consideration of Other Statutes.—*
In construing an ambiguous statute the courts may consider
prior and subsequent statutes on the same subject.   p. 205.

4.  DRAINS.—*Cleaning.—Allotment of.—Taxing Districts.—Statutes.*
—Under §§6140-6161 Burns 1908, Acts 1907 pp. 508 and 600, the
legislature, for the purpose of cleaning and repairing drains,
has created taxing districts composed of cities and of citizens of

townships outside of cities, the burdens presumably being allotted according to the benefits. p. 205.

5. DRAINS.—*Repair.—Township Trustees.—Duties of.*—Under the act of 1907 (Acts 1907 p. 600, §§6160, 6161 Burns 1908), it is the duty of township trustees to see that drains are kept clean and in repair. p. 207.

6. DRAINS.—*Allotment for Cleaning.—Failure to Appeal.—Collateral Attack.*—Where a city failed to clean its alloted portion of a drain, or to appeal from such allotment when made by the proper county surveyor, under §§6160, 6161 Burns 1908, Acts 1907 p. 600, it cannot question the correctness thereof in an action by the township to collect the cost of such work, the trustee having been compelled to have it done. p. 208.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Washington Township of Morgan County against the City of Martinsville. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John E. Sedwick,* for appellant.
*Renner, McNutt & Bain,* for appellee.

COMSTOCK, C. J.—Appellee brought this action against appellant to recover a certain sum of money which it is alleged the trustee of Washington township was required to expend in cleaning out the portion of a public ditch which had been allotted to said city for cleaning, as provided by law, and which portion said city refused to clean.

The complaint, in substance, alleges that under the general drainage acts of 1907 (Acts 1907 p. 508 and p. 600, §§6140-6161 Burns 1908), and especially the sections thereof providing for cleaning and repairing drains upon the request of the township trustee, the county surveyor proceeded to allot said ditch for cleaning; that a portion thereof (all the small part within the city limits and a part thereof outside) was allotted to the city for cleaning, but the city failed and refused to clean the part so allotted outside the city, and the trustee proceeded, as provided by statute, to have said portion cleaned. There is a prayer for judgment for the amount so expended, and also for attorneys' fees.

Appellant's demurrer for want of facts was overruled to said complaint, and, refusing to plead further, judgment was rendered in favor of appellee.

The controlling question presented by the assignment of errors is the sufficiency of the complaint.

Section 6150, *supra,* provides that any benefit assessed to any highway shall be assessed against the proper township, and shall be paid by the trustee out of the fund belonging to such township; that assessments on account of improvements to streets and alleys in incorporated towns or cities shall be against such towns or cities.

Section 6152, *supra,* provides that all ditches or drains that may have been or may hereafter be constructed under and by virtue of any law of this State shall, after the allotment is made by the county surveyor, be under the charge and supervision of the trustee of the township in which said ditches are located, whose duty it shall be to see that said ditches are cleaned out, kept free from obstruction and in proper repair, so as to answer their purpose.

Section 6153, *supra,* makes it the duty of the county surveyor in each county in which any ditch or drain is located, when ordered by the trustee of the township in which some part of such ditch is located, to examine such ditch within his respective county, except dredged ditches, and to fix and determine the portion thereof that the owner of each tract of land, and each corporation, county or township assessed for the construction thereof, should biennially clean out and keep in repair.

Section 6154, *supra,* provides that such surveyor shall cause to be posted, for not less than ten days, in five public places in the township where lands are allotted a portion of said work, written or printed notices of the place where and the time when he will hear all objections that may be made to such allotments, etc.

Section 6155, *supra,* provides that any person aggrieved

may appeal from such order to the circuit or superior court of the county.

Section 6141, *supra,* reads in part as follows: "It [the petition] shall also state that in the opinion of the petitioners that the public health will be improved, or that one or more public highways of the county, or street or streets of, or within the corporate limits of a city or town, will be benefited by the proposed drainage."

Section 6142, *supra,* reads in part as follows: "Whenever the petitioner or petitioners shall file their petition in the clerk's office of the circuit or superior court, he or they shall fix or note thereon the day set for the docketing thereof and shall give the owner or occupant of each tract of land described in said petition, who is a resident of the county or counties in which said land is situated, and to the trustee of the township, mayor of the city, president of the board of trustees of every town or city, and the agent of any railroad company or corporation or company, public or private, to be affected by the proposed work, notices thereof."

At the same session of the legislature the other act was passed—for cleaning and repairing of drains (Acts 1907 p. 600, §§6160, 6161 Burns 1908),—which provided that it should not repeal any law enacted during the same session, but should be supplemental thereto.

Section 6161, *supra,* provides: "It shall be the duty of every person or corporation to whom any allotment has been made, upon receipt of such notice [as provided] from the trustee (or other person for him), to perform his allotment within the time fixed within said notice, and on failure to do so the trustee shall proceed at once to have the same completed, and shall certify the cost thereof, to the auditor of the county, who shall place the same on the tax duplicate as other taxes against such person or corporation, and to be collected as other taxes are collected, and when collected, the same to be paid over to such trustee, or such trustee may

recover such expense before any justice of the peace of the township where the owner resides, or through or into which such railroad or road runs; or he may bring suit in the circuit or superior court of the county to collect such expense and fees, and enforce and foreclose the lien on such land, or upon such road or railroad, and in all suits brought by the trustee under the provisions of this act such trustee shall also recover reasonable attorney's fees,'' etc.

Whether property within a city, benefited by a drain which passes through or has its origin in said city, and extends into territory beyond the city limits, should be taxed
1. in common with other property outside the corporate limits is a question for the legislature and not for the courts.

The various sections of the statute in question contemplate the construction, repair and keeping clean of such ditches, for the common welfare of the people—the residents of towns and citizens of townships. The legislature has named a common officer to protect and care for such drains, and has provided a method by which it shall be done. It is not claimed in this action that there has been any irregularity in the construction of the drain or in the method employed to keep it repaired, cleaned and unobstructed; nor that the officer in charge of the work under said act has omitted to do anything required of him. The only question is whether there is any authority under the law to make the assessment which is here involved.

It has been said that there is no authority given to tax the people of a township outside the city for support of interests within and relating alone to the city in its distinct corporate capacity. It might, in like manner,
2. be said that those interests which are peculiar to citizens and property outside said city must find support alone from those whose interests they are; namely, those of townships as distinguished from those of cities. But,

it must be admitted, we think, that there may be interests, general and mutual, between citizens and property within the city and outside the city and within the civil township; that there may be affirmative legislation recognizing these mutual interests, and providing common officers to protect and enforce them. In view of such mutual interest, such citizens or such property would constitute the taxing district. *Kerlin* v. *Reynolds* (1895), 142 Ind. 460; *Byram* v. *Board, etc.* (1896), 145 Ind. 240, 33 L. R. A. 476.

In construing a statute, if the meaning is doubtful or uncertain, the court may look to other statutes bearing upon the same subject, whether passed before or after the one under consideration. *Stout* v. *Board, etc.* (1886), 107 Ind. 343; *Hunt* v. *Lake Shore, etc., R. Co.* (1887), 112 Ind. 69; *May* v. *Hoover* (1887), 112 Ind. 455.

The legislature has in the foregoing statute affirmatively recognized the mutual interest of citizens within and without the municipal corporation, and provided a common officer to protect them. Section 267 of the "cities and towns act" (Acts 1905 p. 219, §8961 Burns 1908) provides that cities and towns shall have exclusive power over their streets, highways and alleys, except when otherwise provided by law. The matter of public drains furnishes an exception.

The case of *Anderson* v. *Endicutt* (1885), 101 Ind. 539, is cited by appellant, and is a case decided under §3161 R. S. 1881, which reads as follows: "The common council shall have exclusive power over the streets, highways, alleys, and bridges within such city." This act provides no exception as in the act of 1905 (§8961, *supra*). Concerning the case of *Anderson* v. *Endicutt, supra,* the Supreme Court in *Sauntman* v. *Maxwell* (1900), 154 Ind. 114, says: "It held that the cities of this State had exclusive jurisdiction of the matter of drainage within their limits and that there was no authority for the construction of drains in cities by drainage

commissioners under the direction of the circuit court. The decision was made with reference to the circuit court drainage act of 1881, as amended in 1883. Sections 4273-4284 R. S. 1881; Acts 1883 p. 173. The act of 1885 [Acts 1885 p. 129] repealed the act of 1881. The part of section two of the act of 1885, above quoted, is identical with the corresponding part of section two of the act as adopted in 1881 and amended in 1883. It is probable that the act of 1885 was amended in 1889, by reason of the Anderson decision [*Anderson* v. *Endicutt* (1885), 101 Ind. 539]."

The drainage law of 1885 was amended in 1889 (Acts 1889 p. 285), 1891 (Acts 1891 p. 47) and 1893 (Acts 1893 p. 271). Section one of the amended act of 1893, *supra,* provides for the construction of drains through corporate limits of cities and towns. Section nine of the drainage act of 1885, *supra,* provided that any benefit assessed to any highway should be assessed against the property of the township, and paid by the trustee out of the funds belonging to the township. The assessment for the improvement of streets should be assessed against the property of such town or township.

The case of *Quick* v. *Templin* (1908), 42 Ind. App. 151, is cited by appellant as sustaining its position. That case was decided under the drainage law passed in 1905 (Acts 1905 p. 456, §5622 *et seq.* Burns 1905). Section ten of said act (§5631, *supra*) among other things provided "that such parts of public drains as are within the corporate limits of any city or town shall be kept in repair by such city or town." This provision is omitted from the act of 1907 (Acts 1907 p. 600, §§6160, 6161 Burns 1908).

Under §5631, *supra,* it can readily be seen that a wrongful burden could be imposed upon municipal corporations, even if no portion of the costs of the construction or maintenance of the drain outside the municipality were allotted to it, depending upon the extent and cost of the drain within the city limits. But under the law as it now is, the costs are presumably allotted according to the benefits, when such

benefit results from the drain, long or short, within and without the corporate limits.

The complaint shows that appellant is a city of 5,000 inhabitants; that the drain in question leads from White river, from a point about three miles southwest of said city to within the limits of said city, and carries all the surface-water that accumulates in the streets of said city to the river, and is practically the only form of drain for said city; that 7,500 feet was allotted to said city, 900 feet of which was within the corporate limits. The city was assessed with, and paid for, the original construction of said ditch.

Section two of the drainage act of 1907 (§6161, *supra*) provides that the county surveyor shall determine the portions of the ditch that the owner of each tract of land and each corporation, county or township, assessed for the construction thereof, shall annually clean out and keep in repair. The same section also provides that any person or corporation aggrieved may appeal, and that it shall be the duty of every person or corporation to whom any work is allotted to perform the allotment, etc. Thus we see that section nine (§6150, *supra*) of the general drainage law, provides for assessment of benefits to streets, and that such assessment shall be against the cities and towns. A similar act was in force when the ditch in question was constructed, and when appellant was assessed for its construction, as alleged in the complaint.

Section ten of said act (§6152, *supra*) makes it the duty of the township trustee to see that this particular ditch shall be kept clean, open and in proper repair. The drainage act of 1905, *supra,* provided that the county surveyor should keep the ditch in repair, but this section was omitted from the law of 1907, *supra.* So that, under the law of 1907 it is the duty of the township trustee to see that the ditches are kept clean and in repair.

There is no showing that appellant appealed from the or-

der of the allotment of the county surveyor, as filed
6. with the township trustee. As to all matters relative
to proper proceedings, notice, etc., appellant is con-
cluded thereby. *Davis* v. *Lake Shore, etc., R. Co.* (1888),
114 Ind. 364; *Trimble* v. *McGee* (1887), 112 Ind. 307;
*Terre Haute, etc., R. Co.* v. *Soice* (1891), 128 Ind. 105;
*Beatty* v. *Pruden* (1895), 13 Ind. App. 507. Due notice
having been given to the mayor of the city of the allotment,
and no appeal having been taken from the action of the sur-
veyor by the city, it is in this collateral attack estopped to
deny liability.

We find no reversible error.

Judgment affirmed.