KIRKPATRICK ET AL. *v.* HUNT, COMMISSIONER.

[No. 22,992.   Filed April 17, 1917.]

1. COURTS. — *Appeal.* — *Drainage Proceedings.* — *Injunction.* — *Jurisdiction of Appeal.*—*Statute.*—Where a complaint for an injunction to restrain a drainage commissioner from proceeding with the construction of a drain was filed in the same court in which the drainage proceeding was pending and the pleading was under a caption which included the title and number of the original action, and the record presents other indications that the matter was treated in the trial court as a step in the original proceeding, the Supreme Court will so consider it and will take jurisdiction to pass on the questions at issue, as §1392 Burns 1914, Acts 1907 p. 237, provides that appeals in proceedings to establish drains shall be to the Supreme Court.  p. 235.

2. DRAINS.— *Judgment.*— *Amendment.*— *Authority of Court.*— *Notice.*—The changing of the original specifications for a drain at the same term of court in which the judgment establishing the proposed improvement was entered amounted to an amendment or modification of the judgment and was within the authority of the court, since it retained jurisdiction of the subject-matter and, during the term at least, it had such jurisdiction

over the parties to the proceedings as would authorize it to amend or modify the judgment without express notice to such parties.   p. 236.

3.   DRAINS.—*Judgment   Establishing.—Modification.—Collateral Attack.*—Where the circuit court, after entering a judgment establishing a drain, at the same term ordered a change in the original specifications, such order was, at the most, erroneous rather than void, so that the remedy of parties challenging such action was by appeal and they cannot attack such order collaterally by an action to restrain the construction of the drain. p. 237.

From Howard Circuit Court; *William C. Purdum,* Judge.

Action by George W. Kirkpatrick and others against Ellsworth Hunt, drainage commissioner.   From a judgment for defendant, the plaintiffs appeal.   *Affirmed.*

*Bell, Kirkpatrick & Voorhis,* for appellants.
*Blackledge, Wolfe & Barnes,* for appellee.

SPENCER, J.—On September 11, 1912, John F. Cannon, John R. Goyer, and other landowners in Howard county, filed a petition with the Howard Circuit Court for the establishment and construction of a certain public drain in said county.   Such further proceedings were had in the premises as resulted in a judgment of the circuit court in which the drain was established in accordance with the report of the drainage commissioners, the assessments therefor were modified and confirmed, and the proposed work assigned to appellee, as commissioner for construction.   This judgment was entered on November 7, 1913, which was the fifty-third judicial day of the September term, 1913, of the Howard Circuit Court.   Subsequently, and within the term, the drainage commissioners filed a petition in which they asked authority to amend their report by changing in certain stated particulars the original specifications for the proposed improvement.   This petition was granted, also within the term, and an order then en-

tered, directing the construction of the drain under the specifications as amended. More than a year later appellants, who constitute part of the landowners affected by the ditch, filed in the circuit court what is termed a "complaint for injunction," in which they set out in greater detail the facts above referred to, and ask that appellee, who is named as the sole defendant, be restrained from proceeding with the construction of the drain under the amended specifications and from collecting assessments therefor; also, that the court's action in granting the prayer of the petition filed by the drainage commissioners and in changing the specifications be set aside and declared null and void and of no effect. A demurrer to the above pleading was sustained and that ruling forms the basis for this appeal.

Some question is presented by the briefs as to whether the action thus instituted by appellants constitutes an independent suit for injunctive relief or
1. is intended as a step in the original drainage proceeding. In our view of the case, however, the result reached would be the same in either event and the question is important only in so far as its solution determines the jurisdiction of this appeal. If the action is to be treated as a separate suit, with permanent injunctive relief as its object, jurisdiction over the appeal rests with the Appellate Court; but otherwise, if the judgment appealed from was entered in the drainage proceeding. §1392 Burns 1914, Acts 1907 p. 237. The pleading filed by appellants is denominated a "complaint for injunction" and its phraseology is sufficient to admit of that description. On the other hand, it must be noted that the paper was filed in the same court in which the drainage proceeding is pending and under a caption which includes the title and number of the original action as well as the subtitle which is here adopted as descriptive of the appeal. The record pre-

sents other indications that the matter was treated in the trial court as a step in the original drainage proceeding and we shall so consider it in passing on the questions now at issue.

It is the contention of appellants, in substance, that when the Howard Circuit Court, on November 7, 1913, entered a judgment confirming the original report of the viewers and establishing the drain, that action finally determined the plan on which the work was to be constructed and thereafter the wisdom of the specifications, or the provisions thereof, could neither be questioned by the parties nor their contents altered by the court; since the cause remained on the docket solely for the purpose of carrying out the provisions of the judgment as rendered. *Thompson* v. *Ryan* (1914), 183 Ind. 232, 238, 108 N. E. 98; *Broerman* v. *Spilker* (1914), 183 Ind. 88, 108 N. E. 226; *Heick* v. *Voight* (1887), 110 Ind. 279, 286, 11 N. E. 306; *Murray* v. *Gault* (1913), 179 Ind. 658, 666, 101 N. E. 632; *Walb* v. *Eshelman* (1911), 176 Ind. 253, 260, 94 N. E. 566; *Hoefgen* v. *Harness* (1897), 148 Ind. 224, 228, 47 N. E. 470; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 100, 31 N. E. 670.

We approve the holdings in the decisions relied on, but cannot agree that appellants are in a position to invoke their application in the present case. The subsequent action taken by the circuit court amounted to an amendment or modification of its judgment and it occurred at the same term. There can be no doubt that the court still retained jurisdiction of the subject-matter and, during the term at least, it had such jurisdiction over the parties to the proceeding as would authorize it to amend or modify its judgment without express notice to such parties. *Vesey* v. *Day* (1910), 175 Ind. 406, 411, 94 N. E. 481; *Richardson* v. *Howk* (1874), 45 Ind. 451, 458; *Burnside* v. *Ennis*

(1873), 43 Ind. 411, 413; 1 Black, Judgments (2d ed.) §153; 23 Cyc 860, and cases there cited.

Conceding that the power to modify or amend a judgment, even in term time, may have its limitations, it must be borne in mind that the record in the 3. present case properly presents no question as to whether the procedure adopted by the viewers in seeking to amend their report, and the action of the court relative thereto, are contemplated by the drainage law, and we express no opinion thereon. It is certain that, at most, the order of the circuit court was, under the circumstances, erroneous rather than void, and appellants had their remedy by appeal. Having neglected to avail themselves of that remedy, they may not now prosecute a collateral attack on the action of the trial court. *Hoefgen* v. *Harness, supra,* 227; *Perkins* v. *Hayward, supra,* 102 *et seq.; State, ex rel.* v. *Jackson* (1889), 118 Ind. 553, 21 N. E. 321.

This conclusion requires that the judgment of the circuit court be affirmed and renders unnecessary a consideration of appellee's motion to dismiss the appeal. Judgment affirmed.

NOTE.—Reported in 115 N. E. 781.