JESSE SHELTON v. JOHN W. BERRY, ADM'R.

An affidavit is, originally, a voluntary oath taken before an officer ; in practice, it is an oath or affirmation, reduced to writing and sworn or affirmed before some officer who has authority to administer it, and by whom it is certified ; it is not necessary that it should be signed by the affiant or affirmant.

Where an administrator would reject a claim because it is authenticated by the affidavit of a person who does not purport to be the owner thereof or the agent of the owner, and does not state the means of information of the deponent, he must make that the ground of his rejection of the claim.  Here he placed his rejection on a different ground.

Error from Ellis.   Tried below before the Hon. John H. Reagan.

Suit by plaintiff in error against defendant in error, on a note apparently barred by limitation ; the affidavit of authentication of the claim was made by Charles A. Warfield, who was not described as the agent of the holder, nor his means of information stated, nor did it appear that he had any connection with the matter.   The claim was rejected by the administrator, on the ground that it was barred by limitation. There were allegations of facts to take the case out of the Statute.   When the claim was offered in evidence, the defendant objected to its introduction " as authenticated," and the objection was sustained ; exception by plaintiff ; judgment for defendant, &c.

*J. M. Crockett,* for plaintiff in error, cited Hansell v. Gregg, 7 Tex. R. 233.

*J. E. Cravens,* for defendant in error.

WHEELER, J.    An affidavit is defined by Blackstone to be "a voluntary oath before some Judge or officer of the Court, "to evince the truth of certain facts." (3 Bl. Com. 304.) In practice it means "an oath or affirmation reduced to writing, "sworn or affirmed before some officer who has authority to "administer it." (Bouv. L. Dic. "Affidavit ;" Burrill, and Tomlin, same title.) It must be in writing. Such is the requirement of the Statute. (Hartley's Dig., Art. 1158.) But neither the Statute, nor any general principle of the law, requires that it be signed by the deponent. That does not enter into its definition, nor is it essential. It is sufficient that it be made before an officer authorized by the law to administer it. and that he reduce it to writing, and certify officially to the fact of its having been made before him. The affidavit in the present case was, therefore, sufficient. The objection that it was not made by the owner of the claim is not tenable. Where the administrator would reject a claim because it is authenticated by the affidavit of a person who does not purport to be the owner thereof, or the agent of the owner, and does not state the means of information of the deponent, he must make that the ground of his rejection of the claim. (Dunn v. Sublett, 14 Tex. R. 521 ; Hansell v. Gregg, 7 Id. 223.) Here he placed his rejection upon a different ground.

We are of opinion that the claim was well authenticated, and that the Court erred in excluding it : for which the judgment must be reversed and the cause remanded.

Reversed and remanded.