## WATTS ET AL. *vs.* WOMACK.

[ATTACHMENT—AMENDMENT TO AFFIDAVIT.]

44  605
124  378

44  605
129  607

44  605
132  649

1. *Affidavit; definition of.*—An affidavit is an oath in writing, sworn to before an officer authorized to administer it, and it may or may not be subscribed by the party making it.

2. *Same; when sufficient to authorize issuance of an attachment.*—Such affidavit, though not subscribed by the party making it, is sufficient to authorize the issuance of an attachment, under the act of October 10th, 1868, and of December 28th, 1868, for the protection of laborers, and to enforce liens in their favor.

3. *Same; when may be amended.*—Such an affidavit, when otherwise perfect, may by leave of court be amended, by permitting the party who made it to subscribe his name to it in open court, after the return of the attachment into court, although the judge of the court is not the officer or judge before whom it was originally sworn to. In such a case the signature is a matter of form, rather than of substance.

APPEAL from the Circuit Court of Butler.

Tried before Hon. P. O. HARPER.

The facts are sufficiently stated in the opinion.

H. A. HERBERT, for appellant.

CRENSHAW & MINNIS, *contra.*

PETERS, J.—In this case an attachment was issued by the judge of probate of Butler county, and made returnable into the circuit court of said county, in 1869. This attachment was issued under the provisions of the act of general assembly of this State, entitled "An act for the protection of agricultural laborers," approved December 28th, 1868, and the act entitled "An act to give force and effect to liens in favor of agricultural laborers," approved October 10th, 1868.—Pamphlet Acts, 1868, pp. 252, 455. The only objection taken to the proceedings in the court below, is that the affidavit for the issuance of the attachment was not subscribed by the party making it, or by any one else for him. In every other respect the affidavit

seems to be regular; but it is not subscribed at all by the party making it. It is simply the plaintiff's oath reduced to writing without his subscription of his name to it. There was a motion to quash the attachment for this omission, which was overruled by the circuit court. Then there was a plea in abatement interposed to abate the attachment, for the same objection. This plea was demurred to, and the demurrer was sustained by the court; and the plaintiff was permitted to amend his affidavit by subscribing it. These rulings of the court were excepted to and reversed in a bill of exceptions; and the case is brought to this court by consent, under the authority of section 3486 of the Revised Code.

The attachment, then, was not issued under the Code. The act, first above named, repeals all laws, and parts of laws, contravening its provisions. By the rule prescribed in the Code, the oath required to be made, before the attachment can be issued, must be "reduced to writing and subscribed by the party" making it. But under the acts of 1868, above cited, the "affidavit" for the issuance of the attachment is neither required to be reduced to writing nor to be subscribed by the party making it, or by any one else for him.

These are highly beneficial statutes; they have been enacted to protect a highly meritorious class of our fellow citizens; and they should be construed to accomplish this highly important end. This was certainly the intent of the general assembly. Under the Code, where the rule was more stringent as to forms, and the intent of the legislature less evident, the attachment laws were required to " be liberally construed to advance the manifest intention of the law."—Revised Code, § 2990, 2930. This manifest intention of the law can not be advanced by driving the plaintiff from court, without a hearing and decision on the merits of his case. To do so has always been the opprobrium of "right and justice." It is putting the *form*, which is nothing, above the *substance*, which is all.

The form of the oath required in this case is different from that which was required in *Hall et al. v. Brazleton*, 40 Ala. 406. There the law required the oath to be reduced

Watts et al. v. Womack.

to writing, and subscribed by the party making it, and it specified certain requisites in order to make the oath complete. Here the law requires a simple affidavit, and subscription by the party making it is not one of its essential or enumerated ingredients. That case, then, is not an authority to govern this. The word affidavit is a very broad term. It may mean an oath reduced to writing and subscribed by the party making it, or only an oath in writing without such subscription.

The legal definition of the word *affidavit*, is "an oath in writing, sworn before some judge or officer of a court or other person legally authorized to administer it; a sworn statement in writing. To make affidavit to a thing, is to testify to it upon oath in writing."—1 Burrill's Law Dict. 68; *Shelton v. Berry*, 19 Texas Rep. 154; 3 Black. Com. 304, marg.; 1 Bouvier's Law Dict 12 edition, p. 96, § 97.

Again, it can scarcely be doubted, that upon the principles which govern the conclusions of the court in the foregoing authorities, and the purpose and intent of our statutes, the affidavit in this case could have been amended. 1 Tidd's Prac. p. 189, marg.; Revised Code, §§ 2990, 2808, 2809.

The above objection is the only error insisted on by the counsel, in their brief on behalf of appellants. In such case, no others will be noticed.—Shepherd's Digest, p. 565, § 38.

There was no error in the proceedings in the court below. The order and judgment of the circuit court is therefore affirmed, at the costs of appellants. And the circuit court will proceed in the cause in that court in conformity with opinion and according to law.

NOTE BY REPORTER.—This opinion was delivered at the January term, 1870, when appellants filed a petition for a rehearing, which was held under advisement until the present term. Neither the briefs, nor the argument in support of the application for rehearing, came into the Reporter's hands. The following response was made to the petition for rehearing by—

PETERS, J.—This is an application for a rehearing. It is based upon the assumption that the oath required for the issuance of an attachment, which was made on the 50th day of September, 1868, can not be amended.

It is said in the original opinion in this case : "Again, it can scarcely be doubted, that upon the principles which govern the conclusions of the court in the foregoing authorities, and the purpose and intent of our statute, the affidavit in this case could have been amended."—1 Tidd's Pr. p. 189, marg.; *Shelton vs. Berry*, 19 Texas Rep. 154, 3 Blackst. Com. 304, marg. One of the statutes here alluded to is in these words : " The attachment law must be liberally construed, to advance the manifest intent of the law, and the plaintiff, before or during the trial, must be permitted to amend any defect of form in the affidavit, bond or attachment ; and no attachment must be dismissed for any defect in or want of a bond, if the plaintiff, his agent or attorney, is willing to give or substitute a new bond."—Rev. Code, § 2990, 2808, 2809.

There are two sections of the Code in which the affidavit required to authorize the issuance of attachment is referred to ; these are sections 2930 and 2961. In the former the oath is required to "be reduced to writing and subscribed by the party making it," and in the latter it is only required to be an "affidavit in writing." The latter, therefore, may be completed without the signature of the affiant.—19 Texas R. 154, *supra;* 3 Black. Com. 304 ; 1 Bur. Law Dict., word *affidavit.* Then, the signature to the affidavit thus required is a matter of form, rather than substance, as the oath would be sufficient without the subsciption. It is then amendable.

This best comports with the very liberal construction of statutes of amendments in modern practice. They are in favor of justice, and are to be most largely and generously extended, and never so construed as to defeat the remedy ; as would be the case in this instance, if the amendment, here insisted on, was refused.—*Gillett v. Robbins*, 12 Wis. 319 ; *Stephens v. Frampton*, 29 Mis. 263 ; *Leshade v. Barth*, 17 Cal. 285 ; *Swilley v. Low*, 13 La. An. 412 ; *Thomas v. Horn*, 21 Ga. 177,

The statutes upon attachments, being all upon the same subject, are to be construed as one law. When so construed, the reasoning in the original opinion shows that an affidavit not signed by the affiant would be sufficient. If so, the signature is rather a matter of form than of substance, and may therefore be amended.

The rehearing is denied with costs.