## WM. WYATT v. H. L. JEFFRIES ET AL.

AFFIDAVIT—APPEAL.—An affidavit by appellant of inability to give bond and security for costs made before a county clerk of another State is insufficient, and an appeal based upon such affidavit will be dismissed.

APPEAL from Collin.   Tried below before the Hon. W. H. Andrews.

Wyatt, the appellant, sought to perfect his appeal by the following affidavit, instead of an appeal bond :

"WM. WYATT,     }  In the District Court of Collin
     vs.        }  County, Texas.
H. L. AND E. JEFFRIES. }

"Personally appeared before the undersigned authority William Wyatt, plaintiff herein, who upon oath says that he is unable to give the bond and security for costs as is provided by law for an appeal to the Supreme Court.

"WM. WYATT.

"Sworn to and subscribed before me this the 30th day of August, A. D. 1874.  As witness my hand and seal of the "Board of Supervisors," being the official seal for said county, as provided by law for my office.

"DAVE DIXON, *Clerk*
[L. S.]      ·                   *Columbia County, Ark.*"

Appellees moved to dismiss the appeal " because the affidavit made to procure an appeal is not made before any officer authorized by the laws of Texas to administer oaths."

*Throckmorton, Brown & Bro.*, for motion.

*Craig & Garnett*, for appellant.

GOULD, ASSOCIATE JUSTICE.—The affidavit by appellant that he is unable to give the bond and security for costs

purports to have been made before the clerk of Columbia county, Arkansas, who affixed the seal of the "Board of Supervisors" as his seal of office. There is no law of this State authorizing such an officer to administer oaths, and the instrument is not an affidavit within the meaning of the statute. (Shelton *v.* Berry, 19 Tex., 154, Bouv. L. Dict., Affidavit.) The motion to dismiss is sustained.

DISMISSED.