Filed Oct. 13, 1885.

---

### No. 11,783.

### WILLIAMS ET AL. *v.* STEVENSON.

DRAINAGE.—*Dismissal of Petition.*—*Practice.*—To present any question as
to a ruling upon a motion to dismiss the petition in a drainage pro-
ceeding, such motion must be made part of the record.

SAME.—*Amendment of Petition after Filing Report.*—Under section 4276, R.
S. 1881, the circuit court had authority to allow an amendment of the
petition after the filing of the report of the drainage commissioners.

SAME.—*Practice.*—*Supreme Court.*—To save any question for decision in
the Supreme Court as to the proposed amendment, the objecting party
should require its nature to be shown at the time leave to amend is
asked.

SAME.—*Waiver.*—Where an amended petition is filed without objection, an
assignment of error in the Supreme Court, that the trial court erred in
permitting it to be filed, presents no question.

SAME.—*Notice.*—*Affidavit.*—*Omission of Jurat.*—*Power of Court to Hear Evi-
dence and Order Officer to Affix Jurat.*—Where no jurat is attached to the
affidavit as to the posting of notices in a drainage proceeding, the trial
court may subsequently hear evidence that such affidavit was in fact
sworn to at the proper time before the clerk, and order that officer to
affix his jurat thereto as of that date.

SAME.—*Weight of Evidence.*—The Supreme Court will not reverse a judg-
ment upon the weight of the evidence.

From the Spencer Circuit Court.

*D. T. Laird,* for appellants.

*W. H. Thomas,* for appellee.

ZOLLARS, J.—Upon the petition by appellee, a drain was
located and established under R. S. 1881, section 2473, *et seq.*
From the final judgment establishing it, appellants have ap-
pealed, and assigned errors upon which they ask a reversal
of the judgment.

The rule is well settled that the questions for decision here are such, and only such, as are presented by the assignment of errors, and that the record must so present the rulings below that this court may determine as to the correctness of them. *Stockwell* v. *State, ex rel.,* 101 Ind. 1. We must therefore confine our examination to the alleged errors assigned, and pass upon the rulings below so far, and only so far, as the record so presents them, that we may intelligently determine whether they are correct or erroneous.

The first error assigned is as follows: " That the court erred in overruling appellants' motion to dismiss appellee's petition for drainage and the report of the commissioners of drainage."

The argument in behalf of appellants, under this assignment, is that the commissioners of drainage should not have examined lands other than those described in the petition. If there is, or could be, any substance in this objection and argument, it would go to the report of the commissioners, and not to the petition. In no event could the action of the commissioners be a reason for dismissing the petition. The report of the commissioners may be objected to, and for a sufficient cause set aside, but that would not carry the petition. In this case, however, we can not disregard the contention of appellee, that the record presents nothing for decision under this first assignment of errors. The clerk below recites in the transcript that appellants severally moved to dismiss the petition, " for the reasons stated in each of said objections." If there was a written motion, or written objections, filed below, counsel do not inform us where it may be found in the record. After a thorough search we have failed to find such a motion in the record. Without the motion, we can not know upon what reasons it was based, and hence can not decide as to whether or not the court ruled correctly or incorrectly in overruling it.

The second and eighth assigned errors may be considered together. They are as follows: *"Second.* That the court erred

in overruling appellants' objection to the granting of leave to appellee to amend his petition for drainage." "*Eighth.* That the court erred in permitting appellee to file an amended petition."

The circuit court, without doubt, had authority under the statute then in force to grant leave, and to allow an amendment of the petition after the filing of the report of the drainage commissioners. The statute provided in express terms, that the petition might be objected to after the filing of such report, and that the court might allow an amendment of it. R. S. 1881, section 4276. What amendment was proposed is not shown by the record entry at the time, nor by anything else in the record; nor is it shown that appellants asked that the nature of the proposed amendment should be then stated or shown. From the record before us, we can not know what objections were urged to the petition, nor the nature of the amendment proposed. To save any question for review and decision here upon this branch of the case, appellants should have, in a proper manner, required the nature of the proposed amendment to be stated and shown at the time the leave to amend was asked and granted. This they did not do. Without a knowledge of the amendment proposed, we can not say that the court below erred in granting the leave to amend. We can not assume nor presume that in granting such leave the court below transcended its authority; we should rather presume in favor of the correctness of the court's ruling. It may be possible, as contended by counsel, that the rulings of the court below in refusing to dismiss the petition, and afterwards granting leave to amend it, are not entirely consistent with each other, but there is nothing in the record from which we can determine or presume the existence of such an inconsistency. Presumably, the rulings are entirely consistent, as they well might be.

Under the eighth assigned error, it is argued at great length, that the petition, filed as an amended petition, is not an amended, but a substituted petition; that the filing of an

:amended petition carries out of the case the original petition, :and the notice and all proceedings based upon the petition, :and puts an end to the case except as it may be begun anew and carried on under the amended petition; that the descriptions of the lands in the original petition were insufficient; that the petition filed as an amended petition does not describe the lands as in the original petition; that the descriptions of lands therein were copied from the report of the drainage commissioners, and are insufficient; and that the notice given under the original petition was and is insufficient because the descriptions of the lands therein are the :same as in the defective original petition. These are all important questions, and, if properly presented, should receive a careful examination and consideration. It must be apparent, however, that they are not presented by nor under the eighth assigned error. The so-called amended petition was filed some time after the leave to amend was granted, and, when filed, was filed without any kind of objections by any one so far as shown by the record. If the petition so filed is open to the objections urged in argument, or to any one of them, and they constituted any reason why it should not have been filed, appellants, in order to save any question upon the filing, should have objected at the time. Not having objected to the filing, appellants are not in a position to predicate error upon that filing. And if the notice was defective, as contended, there was a mode and time to raise that question. Clearly it is not raised by nor presented under the eighth assigned error.

The third and fourth assigned errors are as follows: "*Third.* That the court erred in overruling appellants' objections to the granting of leave, and permitting appellee to testify that he had been sworn to the affidavit of posting notices. *Fourth.* That the court erred in ordering the clerk to affix his jurat to the prepared affidavit of appellee, as of its date."

On the 14th day of April, 1882, appellee presented his petition to the court, accompanied with an affidavit of the post-

ing of notices. The court made a finding that it appeared by a proper affidavit on file, that the proper and legal notices had been given. Appellants were defaulted, and the matter was referred to the drainage commissioners. Following the finding that the proper notices had been given, and that this was made to appear by the proper affidavit on file, the affidavit is set out, and appears to have been properly sworn to, with the jurat of the clerk attached. After a full appearance by appellants, and, the making of various motions and objections by them, and after the filing of the report by the drainage commissioners, and on the 15th day of January, 1883, appellants moved to modify and set aside the finding and order referring the matter to the commissioners. This motion was based upon the ground that the affidavit on file at the time the court made the finding and order of reference, did not have the jurat of the clerk attached, and hence was not an affidavit at all. Pending this motion, appellee interposed a motion that the clerk be required to attach his jurat as of the 14th day of April, 1882, and offered himself as a witness to prove that upon that day he had sworn to the affidavit before the clerk of the court. The testimony was heard, appellants' motion was overruled, and the clerk was ordered to attach his jurat to the affidavit as of the date of April 14th, 1882, at which time it was in fact sworn to as shown by the uncontradicted testimony of appellee. We think that, without doubt, the court had authority to order the jurat to be affixed, as of the date when it should, and would have been but for the neglect of the clerk. The statute, R. S. 1881, section 4275, required an affidavit in proof of the posting of notices, but it did not prescribe any particular and formal parts of which the affidavit should consist. The jurat of the officer is not the affidavit, nor any part of it. It is simply evidence of the fact that the affidavit was properly sworn to by the affiant.

Going further than we need go in this case, it was held in the case of *Watts* v. *Womack,* 44 Ala. 605, that it is not es-

sential to an affidavit that the name of the affiant shall be subscribed. It was said: "The word affidavit is a very broad term. It may mean an oath reduced to writing and subscribed by the party making it, or only an oath in writing without such subscription. The legal definition of the word *affidavit*, is 'an oath in writing, sworn before some judge or officer of a court or other person legally authorized to administer it; a sworn statement in writing. To make affidavit to a thing, is to testify to it upon oath in writing.' 1 Burrill Law Dict. 68; *Shelton* v. *Berry*, 19 Texas Rep. 154; 3 Black. Com. 304, marg.; 1 Bouvier Law Dict. (12th ed.), pp. 96 and 97." It was further held that the affidavit might have been amended so as to avoid the objections urged against it. To same point, see *Soule* v. *Chase*, 1 Abbott Pr. N. S. 48.

The question was made in the case of *Kruse* v. *Wilson*, 79 Ill. 233, that an affidavit required and filed in the case was void, because the name of the officer before whom the oath was taken was not affixed to the affidavit. Testimony was heard to prove that the affidavit was in fact sworn to. It was said: "If an oath was administered, and by the proper officer, as it assuredly was, the law was satisfied, and the mere omission of the clerk to put his name to an act which was done through him as the instrument, should not prejudice an innocent party, who has done all he was required to do. The clerk's omission to write his name, where it should have been written, was not the fault or neglect of the affiant. He signed and swore to the affidavit."

In the case of *Cook* v. *Jenkins*, 30 Iowa, 452, there was an attempt to overthrow a judgment in attachment, on the ground that the jurat to the affidavit was not signed by the officer. It was said: "The jurat to the affidavit for the attachment is not signed by the officer administering the oath, but it is sufficiently shown that it was, in fact, sworn to."

In the case before us, the court had authority to ascertain whether or not the affidavit had in fact been sworn to, and, having ascertained that fact, it had authority to order the clerk

to affix his jurat in order that the affidavit might bear upon its face the evidence of its own completeness.

This clearly was not a greater exercise of authority than to make an order allowing a sheriff to amend his return to an execution after the expiration of his term of office; to make an order allowing the clerk to attach his seal to a writ after the sale of property upon it; or to hear evidence, and make an order allowing a clerk to affix his seal to a writ, *nunc pro tunc,* after judgment and the expiration of the term. *Dwiggins* v. *Cook,* 71 Ind. 579; *Hunter* v. *Burnsville T. P. Co.,* 56 Ind. 213; *State* v. *Davis,* 73 Ind. 359.

Our holding in this case is not in conflict with the holding in the case of *Scott* v. *Brackett,* 89 Ind. 413. There the affidavit was held to be insufficient in substance; here no question of that kind is made. Our conclusion is that the court below was not in error in hearing the evidence and ordering the jurat to be affixed to the affidavit. *Field* v. *Malone,* 102 Ind. 251.

The fifth and sixth assigned errors are as follows: "*Fifth.* That the court erred in granting leave to appellee to amend his amended petition. *Sixth.* That the court erred in granting leave to, and permitting, appellee to alter and change the report of the commissioners of drainage."

Appellants did not embody the rulings here complained of in a bill of exceptions. When we turn to the record as made by the clerk, we find the statement that leave was granted to appellee to change the description of one tract of land as the same was found in the amended petition and in the report of the commissioners, but there is nothing to show that such a change was ever made. Unless it was made, the simple granting of leave could in no way injuriously affect appellants. There is, therefore, nothing available for appellants in the fifth and sixth assigned errors.

The last assigned error relied upon by appellants is the overruling of their motion for a new trial. This involves the single question of the sufficiency of the evidence to sustain

the assessments against appellants' lands. The evidence is sharply conflicting. It is well settled that in such cases this court will not reverse the judgment upon the weight of the evidence.

After a careful examination of all the questions presented for decision by the assignment of errors and the record, as it comes before us, we are constrained to hold that there is nothing upon which this court would be justified in reversing the judgment. The judgment is, therefore, affirmed, at the costs of appellants.

Filed Oct. 14, 1885.