No. 15,695.

## WILSON v. BENNETT ET AL.

APPEAL.—*In Term.*— *When Irregularities will not Invalidate.*—*Supreme Court.*
—*Notice.*—When an appeal bond is filed and approved in open court at the
same term that the motion for a new trial was overruled, and within a
reasonable time after the prayer for an appeal, an irregularity, such as the
failure to name the sureties on the bond at the time of praying the ap-
peal, will not invalidate the appeal. The appeal having been taken in
term, notice was not required.

EVIDENCE.— *Value of Life-Estate.*—*Non-Expert Witness.*—A witness is not
competent to testify as to how much a person's life-estate would be
worth at sheriff's sale, considering his age and physical condition, when
he is not shown to have the slightest knowledge of the matter upon
which he necessarily gave an opinion in answering the question, viz.:
the effect of the person's physical condition upon his expectancy of life.

From the Hamilton Circuit Court.

*W. Booth, A. F. Shirts* and *M. Vestal,* for appellant.
*W. R. Fertig* and *R. R. Stephenson,* for appellees.

ELLIOTT, C. J.—Thomas Bennett brought this suit against
Phebe Wilson, David Wilson, and Ella Gatewood to set
aside conveyances made by David Wilson to Phebe Wilson
and Ella Gatewood. The trial court rendered a decree de-
claring the conveyance to Phebe Wilson by David Wilson
fraudulent and annulling it, but confirming the conveyance
made to Ella Gatewood. On the 12th day of May, 1890,
the court overruled the appellant's motion for a new trial ;
the appellant thereupon prayed an appeal, and on the 20th
day of the same month and during the same term filed in
open court an appeal bond, which was then approved by the
court.

The appeal must be regarded as taken in term, as all the
acts requisite to such an appeal were performed during the
term at which the final decree was rendered. It would prob-
ably have been more strictly in accordance with the rules of
practice to have named the sureties on the bond at the time

of praying the appeal, but, as the bond was filed at the same term and within a very few days after the appeal was prayed, the irregularity, if it be such, is not sufficient to invalidate the appeal. It has been very often held that where acts are done during term, it will be presumed that they were done pursuant to orders or directions of the court; and that rule applies here. A bond is essential to the effectiveness of a term appeal. *Ex parte Sweeney*, 131 Ind. 81. But where a bond is filed and approved in open court, at the same term and within a reasonable time after the prayer of an appeal, an irregularity will not invalidate the appeal. As this appeal was taken in term, notice was not required. Proceedings in term pursuant to law must be taken notice of by the parties. The motion to dismiss the appeal is overruled.

Bennett was asked and answered this question: "Considering the age and physical condition of David Wilson, state what his life-estate in the land would be worth at sheriff's sale where the purchaser would have to wait a year for possession, and pay the taxes on the land?" The witness answered that the estate would be worth fifteen or twenty dollars. It will be observed that the question, brief as it is, combines many elements in the hypothesis assumed, but under the objections stated we are required to consider only two of these elements. Inasmuch as we can consider only such specific objections as the record affirmatively shows were presented to the trial court, we do not inquire whether there are other objections to the question than those we act upon.

It is obvious that the question assumes that Bennett must have known Wilson's life expectancy, and this he could not know unless he had an acquaintance with the average duration of human life. No such acquaintance was shown. We do not doubt that an expert witness may give an opinion as to the probable duration of life, nor do we doubt that approved life tables, as they are called, may be used as evidence. *Martin* v. *Merritt*, 57 Ind. 34; *Shover* v. *Myrick*,

4 Ind. App. 7 ; *Wager* v. *Schuyler,* 1 Wend. 554; *Schell* v. *Plumb,* 55 N. Y. 592 ; *Greer* v. *Mayor, etc.,* 1 Abb. Pr. (N. S.) 206 ; *Northwestern, etc., R. R. Co.* v. *Chandler,* 84 Ga. 37 ; *Blair* v. *Madison County,* 81 Iowa, 313. But in this instance the witness is not shown to have the slightest knowledge of the matter upon which he necessarily gave an opinion in answering the question asked him.

The infirmity we have pointed out is not the only one, for the question requires the witness to express an opinion upon Wilson's physical condition. The question could not be answered without an opinion of the witness as to the effect of Wilson's physical condition upon his expectancy of life. This the witness was not qualified to give, for there is no evidence tending to show that he possessed skill or knowledge constituting him an expert. It is possible that there may be cases where the physical condition of a person is so marked and peculiar as to make it competent for a non-expert witness to give an opinion as to the probable duration of life, but, granting that there may be such cases, this case is not one that can be taken out of the general rule. There is no marked peculiarity nor any distinctive feature that will authorize us to treat it as an exception, but, on the contrary, it is one which the general rule clearly covers and controls.

We can not say that the admission of the incompetent testimony was not prejudicial, for it was directed to a material point, and the evidence is not of such a character as to justify us in declaring the judgment so clearly right upon the merits that the erroneous ruling should be disregarded.

Judgment reversed, with instructions to sustain the appellant's motion for a new trial, and to try the case upon the issues joined between Bennett of the one side and David and Phebe Wilson of the other.

Filed May 10, 1892; petition for a rehearing overruled Sept. 15, 1892.