## THOMPSON ET AL. *v.* RYAN ET AL.

[No. 22,475.   Filed March 12, 1915.   Rehearing denied May 11, 1915.]

1. DRAINS.—*Establishment.*—*Amendment of Petition.*—*New Proceeding.*—*Appeal.*—Where petitioners for the establishment of a drain filed an amended petition with new signers in addition to those originally signing, and leaving out the lands of a person who was made a party to the former petition, and caused notice to be issued and served upon all parties, of the filing and the day and date fixed for the docketing thereof, and in all things treated it as a new petition, with the exception that no new bond was filed, the court on appeal will regard it as the only petition on file. p. 236.

Thompson v. Ryan—183 Ind. 232.

2. DRAINS.—*Establishment.—Appeal.—Parties.*—It is only neces-
sary, where remonstrators appeal to make the petitioners appel-
lees where the appeal is a term time appeal. p. 236.

3. DRAINS.—*Appeal.—Bond.—Notice.*—Under §6143 Burns 1914,
Acts 1907 p. 508, §4, an appeal may be taken in a drainage pro-
ceeding by the party filing a bond within thirty days to the ap-
proval of the court, or clerk in vacation, and it is not essential to
the validity of the bond that all appellants shall sign same, and
its filing within the prescribed time makes the appeal a term time
appeal, rendering unnecessary the giving of notice. p. 236.

4. DRAINS.—*Establishment.—Amendment of Petition.—Appeal.*—
The court may order the amendment of a drainage petition at any
time before final judgment, and error can not be predicated on
such order in the absence of objection made at the time. p. 237.

5. APPEAL.—*Questions Reviewable.—Failure to Except.*—Appel-
lants in a drainage proceeding, who failed to reserve exceptions
to the action of the trial court in striking from the files the ap-
plication for change of judge and plea in abatement filed by one
who was originally a party to the proceeding, can not complain of
such ruling. p. 237.

6. DRAINS.—*Establishment.—Report of Drainage Commissioners.
—Amendment.*—The commissioners in a drainage proceeding are
in the nature of a jury to whom certain facts are referred for de-
termination, and, while the report may be referred back to them
if found contrary to law, the wisdom of the specifications or pro-
visions thereof can neither be questioned by the parties nor the
contents altered by the court; hence the action of the trial court
in reducing the width of a proposed drain as set forth in the
report was error. p. 238.

7. DRAINS.—*Establishment.—Trial.*—The trial in a drainage pro-
ceeding is upon the petition and report of the commissioners, con-
stituting the complaint, and the remonstrances, constituting the
answers, and the finding of the commissioners set forth in their
report as to the width, depth and location, is a matter wholly
within their province and conclusive. p. 238.

From Jasper Circuit Court; *T. B. Cunningham,* Special
Judge.

Drainage proceeding on the petition of John P. Ryan and
others. From a judgment establishing the drain, Ray D.
Thompson and others appeal. *Reversed.*

*Abraham Halleck* and *W. H. Parkinson,* for appellants.
*George A. Williams* and *Frank Foltz,* for appellees.

ERWIN, C. J.—On September 16, 1909, appellee, Ryan, with others, filed in the circuit court of Jasper County, their petition for a drain describing a particular route and terminus, with a description of the lands affected by the proposed drainage, with the names of the owners therein set out. Proper notices were given to all parties interested of the pendency of such petition and that the same would be docketed on December 4, 1909. No objections were interposed by appellants to the docketing of the cause, and the same was, on March 12, 1910, referred to drainage commissioners, with instructions to make report April 18, 1910. Extension of time for making report was granted by the court from time to time until September 24, 1910, when the commissioners made a report, in which report the commissioners stated that the route and outlet as described in the petition would, in their opinion be impracticable, and suggested that another outlet known as the "Pinkamink" route would, in their opinion be practicable. The court thereupon ordered that the petition be amended so as to make the proposed drain over the last named outlet. In pursuance to the order of court a new petition was filed on October 10, 1910, and the same was set for docketing on the second Monday of November, 1910, and notices ordered. Service of notice was again made on all parties named in the original and new or amended petition, including all of the appellants. On November 29, 1910, one Almira Stockton filed a plea in abatement, and at the same time her affidavit for a change of judge, and objections to the county surveyor acting in the matter. The petitioners thereupon filed their motion in writing to amend the petition by striking out all of the lands of Stockton as described in the amended petition. The court sustained the motion of the petitioners and the petition was so amended that Almira Stockton was no longer a party to the proceedings and from that time ceased to be in any way connected with the case. The court at the time the petition was amended excluding Stockton, struck

from the files her plea in abatement and affidavit for change of judge, to which actions of the court Almira Stockton, alone excepted. Stockton is not a party to this appeal.

Following this proceeding the court referred the amended petition to the drainage commissioners. The commissioners filed their report on May 12, 1912. Up to this time no objections were made or exceptions reserved to any ruling of the court by any of the appellants. Within the time allowed by law after the filing of the report by the commissioners, all the appellants except Ray D. Thompson filed remonstrances. The case came on for hearing and after some evidence had been heard, the court on December 23, 1912, referred the matter back to the drainage commissioners with instructions to establish certain grade lines and also made the following order, ''That said commissioners are hereby directed to narrow the rock cut from twenty-five and twenty feet on the bottom to fifteen feet''. To this action of the court in referring the matter back to the commissioners, the remonstrators duly objected and excepted, and the appellant, Austin O. Moore, assigns this as one of the causes for a new trial, and also assigns it as one of the errors relied upon for reversal in this court.

On December 31, 1912, the commissioners made report of their doings as by the court directed, and appellants filed remonstrances separately; the fifth cause of their remonstrance being the tenth statutory cause, viz., ''that the proposed work as decided upon and reported by the commissioners, will not be sufficient to properly drain the land to be affected'' by the construction thereof. §6143 Burns 1914, Acts 1907 p. 508, §4.

Trial was had on the issue thus formed and after modifying some of the assessments the court confirmed the report of the commissioners and ordered the construction of the drain. Appellants filed separate motions for a new trial which were overruled and exceptions were duly reserved and appeal prayed to this court where appellants assign errors separately.

Appellees have moved to dismiss this appeal on the grounds, (1) that certain parties who signed the original petition but who did not sign the new petition were not made parties to this appeal, are not named as appellees in the assignment of errors; (2) that the appeal bond was not approved by the judge in term, but was approved by the clerk in vacation, and was therefore not a term time appeal and notices should be given to appellees, (3) that no notices have been given as required by the statutes regulating vacation appeals.

It will be noticed that the appellees treated the amended petition as a new proceeding in so far as the parties thereto were concerned. After the new petition was filed, notices were issued and served upon all parties of the filing and the day and date fixed for the docketing thereof and in all things treated it as a new petition, only that no new bond was filed by petitioners. No new notices were necessary if this had been considered only as an amendment, neither would it be necessary to have had the cause redocketed. Having treated this as a new petition and having new and different parties with some of the original petitioners to sign the same, it must be treated as the only petition on file. It is only necessary where remonstrators appeal to make the petitioners appellees where the appeal is a term time appeal. *Kline* v. *Hagey* (1907), 169 Ind. 275, 277, 81 N. E. 209, and cases cited.

This brings us to the second cause for dismissal, viz., that this is not a term time appeal and that notices should be given appellees. The record discloses that appellants' motion for a new trial was overruled on July 8, 1913, and thirty days' time·was given to file a bond in the sum of $2,000. On August 5, 1913, appellant filed bond in the sum of $2,000, signed by the appellants, Austin O. Moore and Ray D. Thompson, as principals and The United States Fidelity and Guaranty Company as surety. This bond was

approved by the clerk in vacation and within the thirty days allowed for the filing of the bond. The statute governing appeals in ditch proceedings provides that an appeal may be taken by the party filing a bond within thirty days to the approval of the court or clerk in vacation. §6143 Burns 1914, Acts 1907 p. 508, §4. It is not essential to the validity of the bond that all appellants shall sign the same. *Hinkle* v. *Holmes* (1882), 85 Ind. 405, 410; *Railsback* v. *Greve* (1877), 58 Ind. 72, 79. The filing of the bond within thirty days makes this a term time appeal and no notices to appellees are contemplated by the statute, hence none need be given. *Wilson* v. *Bennett* (1892), 132 Ind. 210, 31 N. E. 184; *Thompson* v. *Connecticut Mut. Life Ins. Co.* (1894), 139 Ind. 325, 330, 38 N. E. 796. The motion to dismiss the appeal is overruled.

The questions presented by this appeal and not waived are, (1) the action of the court in permitting the amendment of the petition for the drain; (2) the action of the court in overruling the motion for a change of judge by Almira Stockton and (3) the action of the court, after hearing a part of the evidence in referring the report of the commissioners on the second or amended petition back to the commissioners with directions to cut down and reduce the size of the drain as reported by the commissioners.

It is undoubtedly true that the court may order or permit a drainage petition to be amended at any time before final judgment. *Williams* v. *Stevenson* (1885), 103 Ind. 243, 2 N. E. 728; *Metty* v. *March* (1890), 124 Ind. 18, 23 N. E. 702; *Plew* v. *Jones* (1905), 165 Ind. 21, 74 N. E. 618. Appellants can not complain of this order of the court, directing that the petition should be amended, for the reason that they made no objection at the time it was so ordered. As to the question sought to be raised in relation to the ruling of the court on the motion of Almira Stockton for a change of judge, and the

striking out of her plea in abatement, these appellants can
not complain for the reason that no exception was reserved
by either of them to the ruling.

As to the last proposition we are of the opinion that when
the court ordered the commissioners to make certain altera-
tions in the proposed work, by narrowing the width
6. of the same, that it committed reversible error, and
invaded the province of the commissioners. It was
within the power of the court to fix assessments, de-
7. termine the utility of the proposed drain and decide
whether the costs would exceed the benefits, but as to
fixing the plan of the work proposed, the findings of the
commissioners, as set out in their report, are final and con-
clusive and are not subject to review by the court. *Bonfoy*
v. *Goar* (1895), 140 Ind. 292, 296, 39 N. E. 56, and cases
cited; *Chandler* v. *Beal* (1892), 132 Ind. 596, 598, 32 N. E.
597. The trial is had upon the petition and the report of
the commissioners, which constitute the complaint (*Sharp*
v. *Eaton* [1911], 175 Ind. 441, 447, 94 N. E. 753), and the
remonstrances which constitute the answers. Neither the
petitioners nor the remonstrators are permitted to question
the wisdom of the commissioners in fixing the specifications
of the drain, and the court had no power to change the same
at the suggestion of either party or on its own motion. The
court, at the instance of the petitioners referred the matter
to the commissioners chosen and the statute makes no pro-
vision for the changing by the court of the kind of a ditch
which the commissioners in their judgment think sufficient
to properly drain the lands affected. The statute provides
what matters may be put in issue by the remonstrators by
providing ten causes for remonstrance.

If the court trying the cause shall find that the cost of
the construction as specified in the report of the commis-
sioners shall not exceed the benefits, and none of the other
causes of remonstrance are pleaded or proven, then the
only thing the court can do is to establish the drain and

Thompson *v.* Ryan—183 Ind. 232.

confirm the assessments. But if it should find that the costs of the construction exceed the benefits, it has no authority to modify the work by ordering a lesser drain constructed. In other words the finding of the commissioners on the width, depth and location of the drain are matters wholly within the province of the commissioners, whose judgment is final. It is true that the court may refer a report of the commissioners back to them if it is found to be contrary to law; that is, if the commissioners have failed to do certain things required of them by law, or have not made the report as the law directs, then the same may be referred to them again and they may be required by order of the court to do the work required of them or make their report accordingly as the law directs, but the law does not authorize the court to direct their judgment as to the things so ordered done, so that it may direct the kind of a drain to construct. The commissioners in a drainage proceeding are in the nature of a jury to whom is referred certain facts for their determination, and the court can not direct their actions in that respect any more than it could tell them the amount they should find for the plaintiff in an action for damages for trespass on lands or personal injuries where there is a conflict in the evidence.

For error of the court in referring the report back to the commissioners with instructions to narrow the drain to fifteen feet, this cause is reversed with instructions to grant a new trial and to proceed to trial upon the report of the commissioners as originally filed.

NOTE.—Reported in 108 N. E. 98. As to servitude of easement to receive the flow of water, see 32 Am. Dec. 123. As to the procedure for the establishment of drains and sewers, see 60 L. R. A. 161. See, also, under (1) 14 Cyc. 1033; (3) 14 Cyc. 1046; (4) 14 Cyc. 1047; (5) 14 Cyc. 1044; 2 Cyc. 718.