## BROERMAN ET AL. *v.* SPILKER ET AL.

### [No. 22,470.   Filed March 24, 1915.]

1. APPEAL.—*Motion to Dismiss.*—A motion to dismiss an appeal on the ground that the evidence is not in the record must be over-ruled where matters not dependent on a consideration of the evidence are presented.   p. 89.

2. DRAINS.—*Commissioners' Report.—Change by Court.*—Where, i ` a drainage proceeding under the act of 1907 (Acts 1907 p. 508, §6141 *et seq.* Burns 1914), the drainage commissioners filed their report by which the filling of a portion of an established drain was recommended, and which was confirmed over a remonstrance, the subsequent action of the court in striking out that portion of the report calling for the filling of the prior drain was error, and an invasion of the province of the commissioners, since, under §6143 Burns 1914, Acts 1907 p. 508, §4, the petition should be referred back to the commissioners for an amended or new report where the report filed is not according to law.   p. 89.

3. DRAINS.—*Commissioners' Report.—Remonstrance.*—Where the report of drainage commissioners left the method of construction to the discretion of the contractor and provided that the interpretation of the plans and specifications by the engineer who planned and designed the work should be the accepted interpretation, the court erred in overruling a remonstrance assailing such feature of the report, since the statute under which the proceeding was had (§6141 *et seq.* Burns 1914, Acts 1907 p. 508) requires a definite, accurate report to the end that parties may know in advance the precise character of the proposed drain and that the contractor may have a definite basis for bidding, and all questions regarding interpretations are for the tribunal having jurisdiction of the proposed work.   p. 90.

From Superior Court of Vanderburgh County; *F. M. Hostetter,* Judge.

Proceeding for the construction of a drain on the petition of Barbara Spilker and others.   From a judgment establishing the drain, J. Rudolph Broerman and others appeal.   *Reversed.*

*James T. Cutler* and *Robinson & Stilwell,* for appellants. *Elmer Q. Lockyear,* for appellees.

MORRIS, J.—Appeal from a judgment confirming a report of drainage commissioners and establishing a public open

drain, under the act of 1907.   Acts 1907 p. 508, §6141

1.   Burns 1914.   Appellants seek, among other things, to present the question of the sufficiency of the evidence to sustain the court's decision.   Appellees have filed a motion to dismiss the appeal, because it affirmatively appears that all the evidence is not in the record.   The motion is overruled.   Matters not dependent on a consideration of the evidence are presented for review.

The proposed drain is called the Spilker ditch.   Previous to the filing of this petition the board of commissioners of Vanderburgh County had established an open drain

2.   known as the Maidlow ditch with an outlet very near that of the proposed one.   The drainage commissioners in their report adopted a plan that included the construction of a lateral connecting the Maidlow and Spilker ditches at a point about a quarter of a mile above the outlets and the filling of the Maidlow ditch below its point of intersection with the lateral so as to divert the water flowing therein to the Spilker ditch.   Appellants remonstrated against the report, for the reason, among others, that the Superior Court of Vanderburgh County was without jurisdiction to change the Maidlow ditch theretofore established by the county board.   *Stockton* v. *Pancoast* (1912), 178 Ind. 203, 98 N. E. 122.   The remonstrance was overruled and the report of the drainage commissioners confirmed.   Afterwards, on its own motion, over appellants' objections, the trial court struck out of the commissioners' report the part thereof relating to the filling of the Maidlow ditch below the point of intersection with the lateral, and modified the judgment so as to prohibit any obstruction of the Maidlow ditch by filling.   This was error.   The court invaded the province of the commissioners in changing the plan reported.   *Thompson* v. *Ryan* (1915), *post* 232, 108 N. E. 98.   If the report was not according to law, the petition should have been referred back to the commissioners for an amended or new report.   §6143 Burns 1914, Acts 1907 p. 508, §4.   It is pos-

sible that, in the opinion of the viewers, the proposed drain was without public utility except on condition that the Maidlow ditch be filled as reported.

The report of the commissioners recites that the ditch may be constructed by means of dredges, or manual labor, at the election of the contractor. Under the heading, 3. "Interpretation", it states that the specifications shall not be construed to prevent the contractor from constructing a ditch of greater dimensions than therein specified, on condition that he receive no extra compensation therefor, provided that if the contractor shall construct the banks with less than the specified slope he shall increase the width of the top and base and the depth of the cut, not less than a certain per cent to compensate for the diminished slope ratio. This portion of the report concludes with the following: "In the interpretation of these plans and specifications, the interpretation of the engineer who planned and designed said work shall be the accepted one."

Appellants assailed this feature of the report as unlawful by a separate paragraph of remonstrance; it was overruled. The ruling was erroneous. The law provides that one of the commissioners shall be a competent engineer. It also provides for a definite, accurate report, fixing metes and bounds, courses and distances, grades and bench marks, with a computation of the cubic yards of excavation, and cost thereof. Provision is made for the services of an engineer to secure accuracy and definiteness to the end that the parties may know in advance the precise character of the proposed drain, and that contractors may have a definite basis for bidding. The engineer's duties are fully performed on the filing of the report, and the contractor is invested with no more power over the plans and specifications than is a stranger. The effectiveness of a drain might be impaired by a change of depth or slope of banks, and the landholder might have a right for damages because of increased width. To leave the depth, width and slope of banks open to change

at the unrestrained discretion of former engineers and present contractors would tend to open the door to fraud and dishonesty. If the engineer does his full duty in preparing the plans and specifications, there is usually little question regarding the interpretation, but where such question is presented the law provides an arbiter—the judge, or board of commissioners, having jurisdiction of the proposed work. This judicial duty cannot be delegated by a commissioners' report.

We cannot consider many other questions urged, because all the evidence is not in the record.

Judgment reversed with instructions to grant appellants' motion for a new trial.

NOTE.—Reported in 108 N. E. 226. As to who may appeal as an interested party, see 119 Am. St. 740. See, also, under (2) 14 Cyc. 1913 Anno. 1043-new; (3) 14 Cyc. 1039.