# WOLFE ET AL. v. GLEASON.

[No. 23,001.　Filed March 13, 1917.]

1. DRAINS.— *Establishment.*— *Notice.*— *Sufficiency.*— Motion to *Dismiss.*—Where, in a drainage proceeding, remonstrators moved a dismissal of the cause for lack of jurisdiction because the record did not show that there was a finding that notice had been given of the filing of the petition by service of notice upon resident landowners assessable for the drain and that notice was given by posting and publication of notice upon nonresident owners, it was not error for the trial court to overrule such motion, even though the notice was insufficient, since the insufficiency of the notice is not cause for a dismissal, but the proceeding may be continued and proper notice ordered.　p. 175.

2. DRAINS.—*Establishment.*—*Reference to Drainage Commissioners.*—*Date for Report.*—*Failure to Designate.*—*Statute.*—

Where, in a drainage proceeding, the order of the board of county commissioners referring the petition to the drainage commissioners did not designate a day upon which the report should be filed, as required by §6142 Burns 1914, Acts 1907 p. 508, 510, and the circuit court on appeal referred the petition again to the drainage commissioners ·and directed them to report on a certain date, instead of referring the matter to the county commissioners, if the report of the viewers was invalid, with direction to fix a date for the viewer's report, the ruling of the circuit court would have been reversible error had there been timely objection thereto and an exception properly saved, but in the absence of such action the error is not available. · p. 176.

3. DRAINS.—*Establishment.*—*Objections to Commissioners.*—*Requisites.*—*Statute.*—In a drainage proceeding, motions to set aside the appointment of the drainage commissioners for the reason that they had previously made a report on the proposed drain and had formed and publicly expressed an opinion as to the assessments of remonstrators' lands, were properly overruled, since under §6142 Burns 1914, Acts 1907 p. 508, 510, objections to the qualifications of drainage commissioners should state some traversable fact showing interest or kinship. p. 177.

4. DRAINS.—*Establishment.*—*Report of Commissioners.*—*Change of Plans by Court.*—The findings of the drainage commissioners as to the manner in which the plan for a proposed drainage project is to be accomplished are conclusive and not subject to review by the court. p. 177.

From Steuben Circuit Court; *Daniel M. Link,* Judge.

Proceedings for the construction of a drain on the petition of Dudley W. Gleason and others. From a judgment establishing the drain, Samuel A. Wolfe and others appeal. *Affirmed.*

*Thomas P. French* and *Alphonso C. Wood,* for appellants.

*Best & Yotter* and *Gleason & Ridenour,* for appellees.

ERWIN, J.—Appellees filed with the board of commissioners their petition for the construction of a certain drain in Fremont township, Steuben county. Appellants objected to the jurisdiction of the commissioners, which objection was overruled, and also remonstrated for various reasons. The commissioners found in fa-

vor of appellees and ordered the proposed drain established. From the judgment of the board of commissioners appellants appealed to the circuit court, where the cause was tried *de novo*. The court approved the report of the drainage commissioners and ordered the drain established. From the judgment of the circuit court this appeal is prosecuted.

Appellants contended in the commissioners' court and in the circuit court that the record did not show that there was a finding that notice had been given of

1. the filing of the petition by service of notice upon resident landowners whose lands are assessed for the construction of the proposed ditch and that notice was given by posting and publication of notice upon nonresidents of the county whose lands are affected.

The record shows that the petition herein was presented to the board of commissioners at the October term, 1913; that the petition was filed at the November term, 1913; that during the December term, 1913, "W. D. Gleason et al presents petition, proof of serving and posting notices for public drain in Fremont township"; and that the commissioners' court at its January term, 1914, ordered the ditch established and referred it to the board of drainage commissioners. The record further shows that at the May term, 1914, the surveyor filed a report on the Gleason drain in Freemont township, also proofs of publication and of notice to nonresidents, which were accepted by the commissioners' court. The record further shows that the trial court, upon presentation of the question of jurisdiction for lack of notice, also ruled against appellants upon that question.

We are of the opinion that the trial court did not err in overruling appellants' motion to dismiss for want of a proper record showing the giving of notice. It is not cause for dismissal that the notice is insuffi-

cient, but the cause may be continued and proper notice ordered. *Carr* v. *Boone* (1886), 108 Ind. 241, 245, 9 N. E. 110.

It is contended by appellant Adaline Fletcher that the cause should be dismissed because the order of the commissioners' court which referred the petition 2. to the drainage commissioners for report did not designate a day upon which the report should be filed as required by §6142 Burns 1914, Acts 1907 p. 508, 510. The record shows that there was a motion made by one Gertrude Garrett, an interested party, to set aside and strike from the files the report of the drainage commissioners for the reason that no time was fixed for the filing of the report of the drainage commissioners. This motion, together with other motions made and filed in the commissioners' court, was taken to the circuit court by appeal and was pending there for action upon the same at the time the motion of Adaline Fletcher was before the court. The circuit court overruled the Fletcher motion and sustained the Garrett motion, and referred the petition again to the drainage commissioners previously appointed and directed them to report on a given date.

It was proper, and the circuit court should have tried the question as to whether the report of the viewers was according to law, and if its findings were against the validity of the report, it was its duty to refer the matter to the board of commissioners with direction to fix a date for the report of the viewers and to have the report filed accordingly. This was an issue before the board, and when once determined by the court the matter should have been referred to the board of commissioners, so that the issues formed by the remonstrances filed might have been passed upon by them before being presented in the circuit court. The action of the circuit court in referring the report of the drain-

age commissioners back to them for final report would have been reversible error had appellant made timely objection to the ruling of the court and saved an exception thereto. An examination of the transcript does not show any such action on the part of appellants.

Appellants Wolfe, Reed and Shattenberger contend that the court erred in overruling their motions to set aside the appointment of the drainage commissioners for the reason that the commissioners had previously made a report upon the proposed drain and have formed and publicly expressed an opinion as to the amount the lands of appellants should be assessed. Section 6142 Burns 1914, *supra,* contemplates the averment of some traversable fact showing interest or kinship. No such fact being stated, the court did not commit error in overruling the objections to the qualifications of the drainage commissioners. *Stockton* v. *Ham* (1913), 180 Ind. 628, 630, 102 N. E. 378, 103 N. E. 482.

It is contended by appellant Wolfe that the court committed reversible error in overruling his motion to remand the report of the drainage commissioners back to such commissioners with instructions to eliminate all laterals and spurs provided for and set forth in the report and not set out or asked for in the petition. This was not error. The manner in which the plan of the drainage is to be accomplished is a matter wholly within the province of the commissioners and the court has no power under the statute to direct the commissioners as to what kind of a drain or drains shall be established. It was within the power of the court to fix assessments, determine the utility of the proposed drain, and decide whether the cost would exceed the benefits; but as to fixing the plan of the work proposed, the findings of the commissioners, as set out

in their report, are final and conclusive, and are not subject to review by the court. *Thompson* v. *Ryan* (1914), 183 Ind. 232, 238, 108 N. E. 98. *Broerman* v. *Spilker* (1914), 183 Ind. 88, 108 N. E. 226.

There being no reversible error presented, the judgment is affirmed.

NOTE.—Reported in 115 N. E. 322.