## MOORE v. RYAN ET AL.

[No. 23,462. Filed June 20, 1919.]

1. DRAINS. — *Remonstrance.* — *Commissioners' Reports.* — *Evidence.—Presumption.*—On the trial of a remonstrance to the report of drainage commissioners, alleging that the remonstrant's land will not be benefited to the extent of the assessment, the report is only *prima facie* evidence of the matters contained therein, and is admissible only by virtue of the statute (§6151 Burns 1914, Acts 1907 p. 508); its only effect is to compel the remonstrants to go forward with the evidence sustaining the remonstrance, and when that is done, the pre-

sumption growing out of the *prima facie* case made by the report has served its function and cannot be considered for any other purpose. p. 350.

2.   TRIAL.—*Drains.—Benefits.—Evidence.—Court's Inspection of Premises.*—Where, in the trial of a remonstrance to a drainage proceeding, the court by agreement of the parties made a personal inspection of the land affected in order "to apply the evidence heard," the judge's viewing of the land was not in the nature of evidence and cannot be considered with other evidence introduced at the trial. p. 350.

3.   DRAINS.—*Construction.—Benefits.—Sufficiency of Evidence.*—In the trial of a remonstrance to a drainage proceeding, the commissioners' report alone is not sufficient to sustain a finding that the remonstrant would be benefited by the improvement to the extent of the assessments where the remonstrant, the only witness for the remonstrance, testified to facts showing the assessments to be in excess of the benefits. p. 350.

4.   DRAINS.—*Commissioners' Report.—Illegality of.—Correction.*—Under §6141 Burns 1914, Acts 1907 p. 508, §2, requiring an accurate report of the drainage commissioners as a definite basis for the bidding of contractors, etc., a report delegating to the commissioner of construction the power to withhold payment of such part of the contract price as he might elect was unlawful, and, under §4 of the act (§6143 Burns 1914) the petition should have been referred back to the commissioners for correction. p. 352.

From Jasper Circuit Court; *Elmer Barce*, Specia' Judge.

Proceeding by John P. Ryan and others to establish a drain, in which Austin O. Moore filed a remonstrance. From a judgment establishing the drain, the remonstrant appeals. *Reversed.*

*John A. Dunlap, Quincy A. Myers* and *W. H. Parkinson,* for appellant.

*George A. Williams, Frank Foltz* and *U. Z. Wiley,* for appellee.

WILLOUGHBY, J.—This cause was before this court in the case of *Thompson* v. *Ryan* (1914), 183 Ind. 232, 108 N. E. 98. The record discloses that on September 16, 1909, appellee Ryan and others filed in the circuit court

of Jasper county their petition for a drain, and such proceedings were had that the court ordered the construction of the drain. From this judgment an appeal was taken, and the judgment reversed, with instructions to grant a new trial and proceed upon the report of the commissioners as orginally filed. After the cause had been remanded to the circuit court, a remonstrance was filed to this report, and it was held that the same was not according to law and was referred to commissioners for a new report. This second report, upon remonstrance being filed to it, was set aside, being held not according to law. The court then appointed new commissioners, who qualified and filed what is designated in the record as a "new report" on September 22, 1917. To this report appellant Moore and others filed remonstrances, and the cause was tried on such remonstrances, and the court found against the remonstrants, and judgment was rendered establishing the drain.

The appellant and others filed separate motions for a new trial. These several motions were overruled and the remonstrants each took separate and several exceptions to the ruling. In each case thirty days' time was given to file appeal bonds, and sixty days' time to file all bills of exceptions. The remonstrants other than Moore do not appeal. The appellant Moore appeals from the judgment establishing the drain. The only error properly assigned and not waived is that the court erred in overruling appellant's motion for a new trial. Among the reasons for a new trial appellant alleges that the decision of the court is not sustained by sufficient evidence.

The remonstrance of A. O. Moore filed October 4, 1917, after setting out a description of his lands assessed for said improvement, alleges that each and every separate tract of said remonstrant's land assessed as benefited, as above set forth, will not be benefited to the

extent of the assessment by the proposed work if accomplished.

In the trial of appellant's remonstrance the only evidence on behalf of the petitioners was the commissioners' report setting out the separate tracts of appellant's land, and the amounts assessed as benefits against each of said tracts. The only witness testifying in regard to said assessments was the appellant himself, and his testimony places the benefits to said land, and each tract thereof, at less than the assessments thereon, making a total amount of $941.30 assessed against all of said land more than it would be benefited by the proposed work if accomplished. The appellant contends that "the drainage commissioners' report was only *prima facie* evidence of the things therein contained, and that its only office and effect was to compel the remonstrants to go forward with evidence sustaining the remonstrance." When such evidence has been introduced sustaining the remonstrance, the presumption growing out of the *prima facie* case has served its function and cannot be considered for the purpose of weighing the evidence or for any other purpose. The presumption growing out of a *prima facie* case remains only so long as there is no substantial evidence to the contrary. When that is offered the presumption disappears, and, unless met by further proof, there is nothing to base a finding solely upon it. *Potts* v. *Pardee* (1917), 220 N. Y. 431, 116 N. E. 78.

In the case of *City of Rockford* v. *Mower* (1913), 259 Ill. 604, 102 N. E. 1032, which was a suit to recover compensation for land taken for public improvements, the court says: "In this case, however, the amount awarded as compensation for the land taken was $500, while the lowest value fixed by any of the witnesses was $2,000. The report of the commissioners cannot be regarded as evidence either upon the question of value or upon the question of damages. While it is true that section 23 of

the Local Improvement act provides that such report shall be *prima facie* evidence, both of the amount of the compensation to be awarded, and of the benefits to be assessed, we held in *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago,* 217 Ill. 343, in considering the constitutionality of that provision, that the effect of the provision was merely to change the burden of proof. In discussing this question we there said: 'Statutes giving *prima facie* weight to facts or to official certificates are properly regarded as rules of procedure changing the burden of proof. In the absence of this statute the city, in the case at bar, would have been required, in the first instance, to assume the burden of producing proof relative to the amount which the appellant company would be entitled to receive by way of compensation for so much of its right of way as would be also occupied by the proposed public way. The statute does no more than to declare that this amount shall be inferred or assumed from the report of the commissioners until evidence to the contrary is introduced.' When plaintiff in error introduced evidence upon the question of the value of the land sought to be taken and upon the question of the damages to the land not taken the report of the commissioners ceased to have any weight as evidence, and it was then incumbent upon the city to meet the evidence offered by plaintiff in error upon these questions, unless the city was satisfied with the values and damages fixed by the witnesses for plaintiff in error. It is apparent that the jury either considered the report of the commissioners as evidence or ignored the testimony of the witnesses and based their verdict entirely upon their view of the premises. That the jury have no right to disregard the testimony of the witnesses and base their verdict upon their view of the premises is well established in this state. *Atchison, Topeka and Sante Fe Railroad Co.* v. *Schneider,* 127 Ill.

144; *Sanitary District* v. *Loughran*, 160 id. 362; *East St. Louis, Columbia and Waterloo Railway* v. *Illinois Trust Co.* 248 id. 559."

We approve the reasoning of the court in the above cases except the statement in regard to changing the burden of proof. That is not the law in this state. The drainage commissioners' report in the case now being considered was only *prima facie* evidence of the things contained therein, and it was only admissible by virtue of the statute, §6151 Burns 1914, Acts 1907 p. 508. *Wilson* v. *Tevis* (1915), 184 Ind. 712, 111 N. E. 181; *Lake Agr'l Co.* v. *Brown* (1916), 186 Ind. 30, 114 N. E. 755. Its only office and effect is to compel the remonstrants to go forward with evidence sustaining the remonstrance. When such evidence has been introduced sustaining the remonstrance, the presumption growing out of the *prima facie* case has served its function, and cannot be considered for the purpose of weighing the evidence or for any other purpose. When such evidence has been introduced sustaining the remonstrance, the presumption falls, and the case is then tried as if no such presumption ever existed. *Cleveland, etc., R. Co.* v. *Wise* (1917), 186 Ind. 316, 116 N. E. 299.

The appellee contends that the trial judge's view of the premises was in the nature of evidence, and should be considered with all the other evidence in the case. We cannot accede to that view. The record recites that: "By consent of all parties interested the court makes personal inspection and observation of the line, route and termini of said drain together with its laterals and outlets with the view to apply the evidence heard." This shows that it was not intended as evidence by either party. Our conclusion is that the finding of the court was not sus-

tained by sufficient evidence as to the assessments upon the lands of this appellant.

Among the reasons for a new trial appellant alleges that said report of the drainage commissioners is not according to law in that the following provision in said report will have a tendency to prejudice bidders against said improvement, which provision of said drainage commissioners' report reads as follows:

"The contractor shall maintain the ditch and every part thereof to the full width and depth required by this report until the entire ditch and all that part embraced in this contract shall have been completed as required by this report, and the ditch is finally accepted as completed by the court, and a sufficient percentage of the contract price shall be withheld until the contractor complies with this requirement, and if he shall fail to do so, the drainage commissioners shall expend sufficient of the contract price to complete or clean out said ditch and deduct the amount from the contract price."

That the amount held back is indefinite and no contractor will know how much is to be held out at the time he makes the bid; that no contractor who takes the lower portion will know how long he will have to maintain it against the contractor who takes the upper portion. That the contractor who takes the upper portion or some lateral will not know how long he will have to maintain it until the entire ditch is constructed. This was one of appellant's causes of remonstrance.

Appellant contends that the foregoing provision in the report of the commissioners was in violation of the law and by reason of said provision it came within the first statutory cause for remonstrance, and that said report was not according to law; that said report conferred upon the superintendent of construction dangerous discretionary power and opened the door to fraud.

The statute, §6141 *et seq.* Burns 1914, Acts 1907 p. 508, requires of the commissioners a definite, accurate

report, to the end that parties may know in advance the precise character of the proposed drain and that the contractor may have a definite basis for bidding. It is clear that the contractor cannot intelligently bid upon the work when he does not know how much of the contract price will be held back, nor how long it will be held back.

In the case of *Broerman* v. *Spilker* (1915), 183 Ind. 88, 108 N. E. 226, it was held that the court erred in overruling a remonstrance assailing a provision in the report of the drainage commissioners which provided that the interpretation of the plans and specifications by the engineer, who planned and designed the work, should be the accepted interpretation, and in that case the court said: "The law provides that one of the commissioners shall be a competent engineer. It also provides for a definite, accurate report, fixing metes and bounds, courses and distances, grades and bench marks, with a computation of the cubic yards of excavation, and cost thereof. Provision is made for the services of an engineer to secure accuracy and definiteness to the end that the parties may know in advance the precise character of the proposed drain, and that contractors may have a definite basis for bidding. The engineer's duties are fully performed on the filing of the report, and the contractor is invested with no more power over the plans and specifications than is a stranger."

Whether the commissioners could provide in their report that a definite part of the contract price should be retained until the work was completed, we do not decide, but it seems clear that the commissioners did not have the right to delegate to the commissioner of construction the power to withhold the payment of such part of the contract price as he might elect. The provision delegating the power of the commissioner of construction to withhold a sufficient per-

centage of the contract price to complete or clean out said ditch and deduct the amount from the contract price made said report unlawful, and the court erred in refusing to sustain appellant's remonstrance thereto. The report was not according to law, and the petition should have been referred back to the commissioners for an amended or new report. §6143 Burns 1914, §4, *supra*.

Judgment reversed, and the Jasper Circuit Court is directed to sustain appellant's motion for a new trial, and to sustain appellant's remonstrance, and refer the petition back to the commissioners for an amended or new report.

NOTE.—Reported in 123 N. E. 642.